OPINION
PER CURIAM.
Ted McCracken appeals from the District Court’s dismissal of his civil complaint. For the reasons that follow, we will summarily affirm.
In June 2007, McCracken filed a complaint alleging that the named defendants were responsible for his thyroid cancer. Defendant Goodfellow Corporation moved to dismiss the case for lack of federal jurisdiction. After giving McCracken numerous opportunities to file amended complaints, the District Court dismissed for McCracken’s failure to plead a basis for federal jurisdiction. On September 25, 2008, McCracken filed a motion for reconsideration, which the District Court denied on February 18, 2009. McCracken filed a timely notice of appeal from that order.
We have jurisdiction under 28 U.S.C. § 1291. We summarily affirm an order of the District Court “when ‘no substantial question’ is presented by the appeal.” United States v. Baptiste, 223 F.3d 188, 190 n. 3 (3d Cir.2000) (per curiam) (citation omitted). We exercise plenary review over a District Court’s dismissal of a case for lack of jurisdiction. See Frett-Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir.2008). We review a District Court’s denial of a motion for reconsideration for abuse of discretion. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir.2002).
McCracken filed his lawsuit without asserting a basis for federal jurisdiction. Inasmuch as the complaint alleged that private actors violated state laws, the only possible basis for subject matter jurisdiction in federal court would be diversity jurisdiction. Diversity jurisdiction requires, inter alia, that all parties be citizens of different states. 28 U.S.C. 1332(a)(1); Midlantic Nat’l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir.1995). “Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed.” Hansen, 48 F.3d at 696. Further, citizenship, not residency, is the controlling factor in determining whether diversity jurisdiction exists. See Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir.1972). The burden is on the plaintiff to establish the *163 existence of federal jurisdiction. Packard v. Provident Nat’l Bank, 994 F.2d 1039, 1045 (3d Cir.1993).
Here, McCracken asserted that he has been a resident of Pennsylvania for the past ten years and that he has also resided in New York, but he failed to plead that he is a citizen of a particular state. The record demonstrates that the District Court provided McCracken with ample opportunity to amend his complaint to cure the defect. See McCracken v. ConocoPhillips Co., et al., No. 07-2039 (E.D.Pa.2008) (ordering plaintiff to file an amended complaint pleading citizenship for all parties). McCracken, however, never informed the District Court of his state citizenship or the citizenship of the parties he was attempting to sue.[1] Therefore, the District Court properly dismissed the complaint. Further, we discern no abuse of discretion in the District Court’s refusal to reconsider its decision in this regard.
For the foregoing reasons, we grant the appellees’ motions for summary affirmance and will summarily affirm the judgment of the District Court.

. We note that McCracken’s complaints in at least two other similar suits have also been dismissed for failure to satisfy the essential elements of diversity jurisdiction See McCracken v. Ford Motor Co., et al., No. 07-cv-2018, 2009 WL 1185686 (E.D.Pa.2009) (memorandum and opinion dismissing complaint); McCracken v. General Motors Corp., et al., No. 07-cv2019 (E.D.Pa.2008) (order denying motion for reconsideration) appeal docketed, No. 09-1382 (3d Cir. Feb. 11, 2009).