

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2000

# United States v. Baptiste

Precedential or Non-Precedential:

Docket 99-1353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Baptiste" (2000). *2000 Decisions.* Paper 162.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/162

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 8, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 99-1353

UNITED STATES OF AMERICA,
       Appellant,

v.

STANLEY BAPTISTE

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 91-cr-00132-1)
Chief District Judge: Honorable James T. Giles

Submitted Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Motions Panel

April 20, 2000

Before: Becker, Chief Judge, McKee and Barry,
Circuit Judges

(Filed June 8, 2000)

OPINION OF THE COURT

PER CURIAM

Appellant Stanley Baptiste was convicted of conspiracy to
distribute cocaine base in violation of 21 U.S.C.S 846 and
possession with intent to distribute cocaine base in
violation of 21 U.S.C. S 841(a)(1) following a jury trial in
1991. In January, 1992 he was sentenced to a term of

imprisonment of 240 months, and we thereafter affirmed the judgment of conviction and sentence.

On April 28, 1997, Baptiste filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. S 2255. He claimed that the evidence of his alleged leadership role in the drug conspiracy was insufficient to warrant a four-point enhancement under U.S.S.G. S 3B1.1(a), and that counsel was ineffective for not objecting to the enhancement. By order entered September 10, 1997, the District Court denied relief. Baptiste did not appeal.

In January 1999 Baptiste filed a motion for permission to file a second or successive motion under 28 U.S.C.S 2255. He again wished to challenge the application of U.S.S.G. S 3B1.1(a), and, in addition, he sought to challenge the "enhancement" he received under U.S.S.G. S 2D1.1(c) on the basis of Amendment 487. That Amendment became effective on November 1, 1993. We denied that motion on February 23, 1999.

On March 12, 1999, Baptiste filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) in the District Court in which he again sought to litigate the applicability of Amendment 487. Baptiste argued that he should not have been subjected to the enhancement for crack cocaine, because the government failed to prove by a preponderance of the evidence that the cocaine base involved in his crimes actually was crack cocaine. He also again argued that he had not played a leadership role in the offense, that counsel had been ineffective at sentencing, and that the amount of drugs attributed to him was not reasonably foreseeable. The District Court denied the Rule 60(b) motion in part because it viewed the motion as an impermissible attempt to file a successive section 2255 motion without prior authorization from this Court.

In April 1999 Baptiste filed the instant petition for writ of error coram nobis in yet another attempt to have his guidelines claims (the Amendment 487 claim, the challenge to his leadership role, and the claim that the amount of drugs attributed to him was not reasonably foreseeable) and ineffective assistance of counsel at sentencing claim

heard. The District Court denied the motion, and this
appeal followed.

We will summarily affirm the order denying the coram
nobis petition.[1] Although a writ of error coram nobis is
available in federal courts in criminal matters, see 28
U.S.C. S 1651(a), coram nobis has traditionally been used
to attack convictions with continuing consequences when
the petitioner is no longer "in custody" for purposes of 28
U.S.C. S 2255. See, e.g., United States v. Stoneman, 870
F.2d 102, 105-06 (3d Cir. 1989). It is an extraordinary
remedy and a court's jurisdiction to grant relief is of limited
scope. There is no basis here for coram nobis relief,
because Baptiste is still in custody.

Baptiste argues that second collateral challenges to a
conviction and sentence, like his, are now barred under the
Antiterrorism and Effective Death Penalty Act, see 28
U.S.C. SS 2255 and 2244 ("AEDPA"), and therefore coram
nobis relief should be available. However, the procedural
barriers erected by AEDPA are not sufficient to enable a
petitioner to resort to coram nobis merely because he/she
is unable to meet AEDPA's gatekeeping requirements. [2] The
safety valve provided under 28 U.S.C. S 2255 is narrow. We
explained in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997),
that it is a complete miscarriage of justice when the AEDPA
prohibition against successive section 2255 motions makes
this collateral remedy unavailable altogether to someone
with no earlier opportunity to bring his/ her claim. Id. at 251.
That is not Baptiste's situation. He had an earlier

_____

1. Neither the statute making the writ of error coram nobis available in
federal courts in criminal matters, see 28 U.S.C. S 1651(a), nor any
Federal Rule of Appellate Procedure requires a certificate of
appealability
before an appeal may be taken, nor does such a requirement appear in
the case law.

2. Under AEDPA, the second or successive motion must be certified by
a court of appeals to contain a prima facie showing of newly discovered
evidence that would be sufficient to establish that no reasonable
factfinder would have found the movant guilty of the offense or a new
rule of constitutional law, made retroactive to cases on collateral review
by the Supreme Court, that was previously unavailable, see 28 U.S.C.
S 2255. This is not an easy standard to satisfy.

opportunity to raise all of his claims (including the Amendment 487 claim) in his 1997 section 2255 motion.

We will therefore affirm the order of the District Court denying the petition for writ of error coram nobis pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6,3 because no substantial question is presented by this appeal.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

_____

3. LAR 27.4 and IOP 10.6 provides that we may summarily affirm an order or motion of a party, or sua sponte when "no substantial question" is presented by the appeal.

4