

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2005

# USA v. Dent

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1098

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Dent" (2005). *2005 Decisions.* Paper 995.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/995

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-249                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1098
_____

UNITED STATES OF AMERICA

v.

MICHAEL DENT,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 92-cr-00223-03)
District Judge: Honorable Robert F. Kelly
_____

Submitted On Motion For Summary Affirmance
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2005

Before: SLOVITER, NYGAARD AND FUENTES, CIRCUIT JUDGES

(Filed June 17, 2005)

_____

OPINION
_____

PER CURIAM

    In 1997, appellant Michael Dent was convicted in the United States District Court

for the Eastern District of Pennsylvania of conspiracy to possess and distribute in excess of five kilograms of cocaine base, in violation of 21 U.S.C. § 846; he was sentenced to ninety-two months imprisonment followed by five years of supervised release. We affirmed the convictions in 1998. Dent filed a motion under 28 U.S.C. § 2255 to vacate his sentence in June 1999, contending, among other things, that he rejected a government plea offer based on erroneous advice of counsel. The District Court denied the motion on the merits in September 1999. In August 2002, we vacated the District Court's order only as to the aforementioned ineffective counsel claim, and remanded for an evidentiary hearing. By order entered November 22, 2002, the District Court denied § 2255 relief, and, on recommendation of the parties, modified Dent's Judgment and Commitment order by: (1) reducing the supervised release term from five years to three as Dent had already been released from prison on the challenged sentence, and (2) permitting Dent to apply for early termination of supervised release after eighteen months if he complied with the terms of his release. The case was transferred to the U.S. Probation Office for the Southern District of New York.

Dent violated the terms of supervised release, and in September 2004, he was sentenced to thirty (30) months imprisonment by the District Court for the Southern District of New York. His appeal of the thirty month sentence is currently pending in the United States Court of Appeals for the Second Circuit.

Shortly after he appealed the New York sentence, Dent lodged virtually

2

simultaneous collateral attacks on his term of imprisonment. He filed a § 2241 petition in the Eastern District of New York, claiming that he was entitled to credit for the ninety-two months of "excess prison time" that he served after he rejected the government's plea offer based on erroneous advice of counsel.

Meanwhile, in the Eastern District of Pennsylvania, Dent filed a petition for a writ of coram nobis seeking to modify that court's 2002 order reducing his term of supervised release. He alleged that the District Court violated U.S. v. Johnson, 529 U.S. 53 (2000) by reducing the period of supervised release to make up for the excess time Dent had already served in prison; he also claimed that the District Court wrongfully imposed a three year probationary term for a "B" felony. He asserts that because of the District Court's error, the New York federal court erroneously treated him as a "B" felon and imposed a stiffer penalty. The District Court denied this petition for lack of jurisdiction in December 2004, holding that, to the extent that Dent challenged the legality of the thirty-month sentence imposed in New York, his only avenue of collateral relief was by means of a § 2255 motion, and that he was precluded from seeking § 2255 relief because his direct appeal was still pending in the Second Circuit Court of Appeals. To the extent Dent challenged the BOP's failure to give him credit for excess prison time under 18 U.S.C. § 3585(b), the District Court ruled that he failed to exhaust the administrative

3

remedies available through the BOP prior to seeking relief in the District Court.[1] Dent filed a timely appeal.[2]

The Government has moved to summarily affirm the order of the District Court; Dent has filed a response and his own motion for summary action. We will affirm the District Court because no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Dent claims that the coram nobis petition challenged the modified sentence imposed by the Eastern District of Pennsylvania Court in 2002, not the thirty-month sentence imposed in New York. Dent contends that the modified three year probationary period imposed in 2002 was illegal because he was originally sentenced under 21 U.S.C. § 841(B)(1)(B), which requires a minimum of four years supervised release. According to Dent, the District Court should have modified the judgment and commitment to reflect that he was being sentenced pursuant to § 841(B)(1)(C), because that provision allows for a minimum three year term of supervised release. Dent asserts that had the District Court modified his sentence accordingly, the New York Court would not have treated him as a "B" felon or imposed the thirty-month sentence it did.

---

[1] Barely a week later, Dent's New York § 2241 petition was dismissed without prejudice for failure to exhaust his administrative remedies. See Dent v. Bureau of Prisons, Civ. A. No. 04-04479-NG (E.D.N.Y. January 6, 2005). It appears that Dent did not appeal the order.

[2] No certificate of appealability is necessary to appeal the denial of a petition for a writ of coram nobis. United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000).

4

Dent's petition fails no matter which sentence he is challenging. To the extent that Dent's coram nobis petition attacks the thirty-month sentence imposed by the New York federal court, we conclude that the District Court properly denied the petition substantially for the same reasons set forth in its opinion. As for Dent's challenge to the 2002 order modifying the term of supervised release, he must seek relief pursuant to 28 U.S.C. § 2255. Coram nobis relief is an extraordinary remedy traditionally used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for § 2255 purposes. Baptiste, 223 F.3d at 189. Because Dent is still on supervised release pursuant to the modified sentence, he is still "in custody" and thus, coram nobis relief is not available to him.

Accordingly, we will summarily affirm the order of the District Court. The appellees' motion for summary affirmance is granted. Dent's motions for summary action, for expedited consideration, for appointment of counsel, and to proceed on the original record are denied.