

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2006

# Bernardi v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3504

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bernardi v. USA" (2006). *2006 Decisions.* Paper 1407.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1407

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-143                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3504
_____

RICHARD BERNARDI,
                                                    Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-02745)
District Judge: Honorable John W. Bissell
_____

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2006
Before: SLOVITER, MCKEE AND FISHER, Circuit Judges

(Filed:    March 21, 2006)
_____

OPINION
_____

PER CURIAM

       In March 1996, a jury convicted appellant, Richard Bernardi, of conspiracy to

commit bribery in violation of 18 U.S.C. § 666(a)(2).  Bernardi was sentenced to a 33-

month term of imprisonment to be followed by three years of supervised release.

Bernardi was also ordered to pay restitution in the amount of $164,512.00 and a fine of

$25,000.  Bernardi's direct appeal was dismissed because he absconded while on bail.

See C.A. No. 96-5712.  In October 1996, he filed a motion pursuant to 28 U.S.C. § 2255,

claiming that counsel rendered ineffective assistance during trial. The original District Court Judge granted Bernardi's recusal motion, the case was reassigned and an evidentiary hearing was held. Bernardi's § 2255 motion was ultimately denied after the District Court concluded that no prejudice resulted from counsel's actions. Bernardi did not appeal that denial.

In November 2000, Bernardi filed a counseled motion seeking permission to file a "second or successive" § 2255 motion. Bernardi argued that the District Court punished him for crimes of which he was acquitted and that he was entitled to relief on the basis of the Supreme Court's decision Apprendi v. New Jersey, 530 U.S. 466 (2000). This Court denied Bernardi's motion in an order issued on December 19, 2000. See C.A. No. 00-3853. Despite our order, Bernardi returned to the District Court that same month and filed a second § 2255 motion. The District Court transferred Bernardi's motion to this Court to be treated as an application to file a second or successive § 2255 motion. Bernardi claimed in his application that: 1) the District Court Judge who sentenced him was biased; 2) counsel at sentencing provided ineffective assistance; and 3) he had "new" evidence that an ex parte conversation between his trial counsel and the District Court Judge took place prior to his sentencing. We again denied Bernardi's application as insufficient to satisfy the requirements set forth in 28 U.S.C. §§ 2255 ¶8(1) and 2244(b)(3)(C). See C.A. No. 01-3424.

Undeterred, Bernardi thereafter filed a petition pursuant to 28 U.S.C. § 2241 directly with this Court, wherein he reiterated his claims that the District Court Judge was biased at sentencing, that he was denied his "right to a new trial" due to an ex parte

2

conversation the District Court Judge had with trial counsel prior to the § 2255 hearing, and that counsel at the § 2255 hearing was ineffective. In disposing of that petition, we noted that while Bernardi's petition was styled as one filed pursuant to § 2241, it plainly raised claims that must be presented in a motion filed pursuant to 28 U.S.C. § 2255. Accordingly, we treated the petition as an application to file a second or successive § 2255 motion, but denied it as such as Bernardi did not present any claims that relied upon "a new rule of constitutional law" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." See C.A. No. 01-8046. Bernardi filed yet another application – his fourth – to file a second or successive § 2255 motion in February 2004, once again alleging ineffective assistance of counsel as a result of his attorney's ex parte communications with the District Court Judge and recently discovered "new evidence" pertaining to this conduct. Once again, we denied the application. See C.A. No. 04-1484.

Having been unsuccessful in his attempts to file a second or successive § 2255 motion, Bernardi returned to the District Court in May of 2005 and filed a petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651. In that petition, Bernardi repeats his previous claims that he "has been deprived of fundamental and substantial constitutional rights, including his Due Process rights to a fair jury trial, a fair and impartial trial and sentencing, an unbiased and impartial sentencing judge and his constitutional rights to the effective assistance of counsel throughout the trial, sentencing and post-conviction proceedings." Petition for Writ of Error Coram Nobis at ¶ 14. Bernardi asserted that because he is no longer in custody within the meaning of § 2255

3

and "was plainly entitled to the relief afforded by 28 U.S.C. § 2255 from his judgments of conviction and sentencing," relief in the form of a writ of error coram nobis "is appropriate in this circumstance." Id. at ¶ 31. The District Court noted, however, that a writ of error coram nobis was an application predicated on alleged errors of fact, and went on to conclude that Bernardi's writ application was nothing more than a de facto motion under 28 U.S.C. § 2255. Accordingly, given our past denials of Bernardi's applications for authorization to file a second or successive § 2255 motion and the failure of his current filing to satisfy the criteria which might support such an application, the District Court dismissed Bernardi's petition. This timely appeal followed.

The parties were notified by our Clerk that we might act summarily in affirming the District Court's order and were invited to submit responses. Bernardi responded with a brief arguing that the District Court's order of dismissal should be summarily reversed, the writ of error coram nobis granted and his judgments of conviction and sentence vacated. Bernardi further invites this Court to reconsider its prior orders denying his applications for authorization to file a second or successive § 2255 motion.

We will summarily affirm the District Court's judgment under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. The All Writs Act, 28 U.S.C. § 1651, is a residual source of authority to issue writs in exceptional circumstances. Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Moreover, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the exclusive means to challenge collaterally a federal conviction or sentence. Section 2255 is not inadequate or ineffective so as to enable

4

Bernardi to resort to the All Writs Act, specifically coram nobis, merely because he has previously suffered an adverse decision in a § 2255 proceeding, has been unsuccessful in his numerous endeavors to obtain authorization to file a second or successive § 2255 motion, and is now no longer in custody for purposes of § 2255. See, e.g., United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam). As we stated quite some time ago:

> Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial and where "sound reasons" exist for failing to seek relief earlier. United States v. Morgan, 346 U.S. 502, 512 (1954). "Only where there are errors of fact of 'the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid', [sic] can redress be had." United States v. Cariola, 323 F.2d 180, 184 (3d Cir.1963) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)). The error must go to the jurisdiction of the trial court, thus rendering the trial itself invalid.

United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989). On the record presented, we do not hesitate to concluded that Bernardi has fallen far short of making the necessary showing of exceptional circumstances warranting coram nobis relief.

We will therefore summarily affirm the order of the District Court denying Bernardi's petition pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.