

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2006

# Deshields v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3677

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Deshields v. Smith" (2006). *2006 Decisions*. Paper 1232.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1232

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-181                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3677
_____

WAJID DESHIELDS,
Appellant

v.

JOE SMITH, Warden, USP Lewisburg
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. Civ. No. 05-cv-01266-RPC)
District Judge: Honorable Richard P. Conaboy
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 30, 2006

Before: BARRY, SMITH AND NYGAARD, Circuit Judges

(Filed:  April 21, 2006 )


_____


OPINION
_____

PER CURIAM

Wajid Deshields appeals pro se from an order of the United States District Court

for the Middle District of Pennsylvania dismissing without prejudice his habeas petition

filed pursuant to 28 U.S.C. § 2241 and § 1651.  In 2001, while serving a state sentence on

related charges, Deshields pled guilty in District Court to possession of a firearm in a drug trafficking crime, 18 U.S.C. § 924(c)(1), and was sentenced to sixty months incarceration to run consecutively to the Pennsylvania sentence. Deshields did not appeal. In March 2002, Deshields filed a motion to vacate pursuant to 28 U.S.C. § 2255, claiming that his federal conviction violated the Fifth Amendment's Double Jeopardy Clause. The sentencing court denied § 2255 relief. Deshields did not appeal.

On June 22, 2005, Deshields filed a § 2241 petition asserting that his guilty plea was not knowing and intelligent because he was not informed by the court or by counsel of the elements of the firearm charge. Specifically, he contended that he was not made aware that a conviction under § 924(c)(1) required proof that his firearm was actively employed in drug trafficking. Deshields also claimed that the Department of Justice should have exercised discretion under the "Petite Policy" and dismissed the indictment because he had already been convicted in Pennsylvania on related charges and thus federal prosecution was unnecessary. Acknowledging that he had not sought leave for permission to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244, Deshields asserted that he filed a § 2241 petition because he had no other available means to challenge the constitutionality of his conviction. Alternatively, Deshields sought coram nobis relief.

The District Court summarily dismissed the § 2241 petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions pursuant to

2

Rule 1(b)), and later denied Deshields's motion to alter judgment. Deshields timely appealed. The appeal was terminated for failure to pay fees. Deshields has filed a motion to re-open and a motion to proceed in forma pauperis. We grant both motions.

We have jurisdiction pursuant to 28 U.S.C. 1291.[1] In February 2006, the parties were notified that the Court sua sponte may take summary action on an appeal if it appears that no substantial question is presented or that subsequent precedent or change in circumstances warrants such action. See Third Circuit I.O.P. 10.6.[2] For essentially the same reasons set forth by the District Court in its Order entered July 11, 2005, we will summarily affirm.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the

---

[1] No certificate of appealability is necessary to appeal the denial of this petition for a writ of coram nobis. United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000).

[2] Although the parties were advised that they could submit argument supporting or opposing summary action, no responses have been filed.

3

one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

Deshields admits that he has yet to apply for relief on his challenge to his sentence by filing an application with this Court for permission to file a "second or successive" § 2255 motion. Moreover, the "safety valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Such is not the case here. Deshields makes no allegation, nor could he, that he is actually innocent of the crime for which he was convicted. The exception identified in In re Dorsainvil is simply inapplicable, and Deshields is not entitled to seek relief under § 2241.

Coram nobis relief is an extraordinary remedy traditionally used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for § 2255 purposes. Baptiste, 223 F.3d at 189. Because Deshields is still serving his sentence of imprisonment, he is still "in custody" and, thus, the District Court correctly held that coram nobis relief is not available to him.

Because the petition was properly dismissed and no substantial question is presented by this appeal, the District Court's judgment will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.