**Monodu AJAO, Appellant**

**v.**

**UNITED STATES of America.**

**No. 07–3373.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Issuance of a Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 1, 2007.

Filed: Nov. 30, 2007.

---

Monodu Ajao, Youngstown, OH, pro se.

George S. Leone, Office of United States Attorney, Newark, NJ, for Appellee.

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Monodu Ajao appeals from an order of the United States District Court for the District of New Jersey denying his petition for a writ of *error coram nobis*. As the appeal presents no substantial question, we will summarily affirm the order of the District Court, although on grounds different from those articulated by the District Court.[1]

In 1986, Ajao was convicted in the United States District Court for the Southern District of Texas for participating in a drug conspiracy. After several years of incarceration, Ajao was paroled, and he absconded. Ajao was subsequently arrested in the District of New Jersey, also for a drug conspiracy offense, and the United States Parole Commission lodged a detainer against him for multiple parole violations. Ajao agreed to cooperate with the U.S. Attorney's Office for the District of New Jersey. He pled guilty, and the U.S. Attorney's Office moved for a downward departure at the time of Ajao's sentencing. The District Court in the District of New Jersey sentenced Ajao to 120 months im-

prisonment, five years supervised release and a fine. After Ajao had served his prison sentence for the offense in the District of New Jersey, the Parole Commission conducted a parole revocation hearing and imposed an additional ten years imprisonment on Ajao for his multiple parole violations, including his criminal activities in the District of New Jersey.

Ajao subsequently filed a petition for a writ of *error coram nobis*, pursuant to 28 U.S.C. § 1651, seeking to invalidate his guilty plea in the District of New Jersey. The District Court issued a notice and order pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir.1999). Ajao refused to characterize his petition as a motion to vacate or correct his sentence under 28 U.S.C. § 2255 because he believed he was not in "custody" in connection with his conviction in the District of New Jersey, and that, therefore, he could not proceed under § 2255.

*Coram nobis* relief is available only to a petitioner who is not in "custody." *United States v. Stoneman*, 870 F.2d 102 (3d Cir. 1989). A defendant serving a term of supervised release remains in "custody" and cannot obtain relief through a writ of *error coram nobis*. *United States v. Sandles*, 469 F.3d 508, 517 (6th Cir.2006). Although Ajao is no longer incarcerated in connection with his conviction in the District of New Jersey, there is no indication that Ajao's five year term of supervised release was ever vacated or amended. Ajao completed his prison sentence for his District of New Jersey offense in June 2006, such that it would be physically and temporally impossible for him to have completed five years of supervised release by this time. Thus, his term of supervised release re-

1. As recognized by the District Court, a certificate of appealability is not necessary. By the terms of 28 U.S.C. § 2253(c)(1)(B), a certificate of appealability is only necessary for appeals from orders denying § 2255 motions. *See United States v. Baptiste*, 223 F.3d 188, 189 n. 1 (3d Cir.2000).

mains unserved, and Ajao is still in "custody" in connection with his conviction in the District of New Jersey. Accordingly, a writ of *error coram nobis* is not available to him, *Sandles*, 469 F.3d at 517, and we will summarily affirm the District Court's order to the extent that it dismissed his petition.[2]

---

**2.** Because the petition fails for procedural reasons, we express no opinion on the merits of Ajao's claims.