OPINION
PER CURIAM.
Nicholas N. Radocesky appeals from the District Court’s dismissal of his civil complaint. For the following reasons, we "will summarily affirm. See 3rd Cir. LAR 27.4 and IOP 10.6.
In October 2008, Radocesky filed a civil complaint alleging that the Honorable James M. Munley, a federal judge, violated the Code of Conduct for Judges and the United States Constitution. The allegations appear to stem from Judge Munley’s adjudication of a lawsuit Radocesky brought pursuant to 42 U.S.C. § 1983. In that suit, Radocesky sued members of the *337 Lackawanna County District Attorney’s Office and members of the Public Defender’s Office claiming that they convinced him to plead guilty to crimes he did not commit. Judge Munley dismissed the action for failure to state a claim and we dismissed the appeal as frivolous. See Radocesky v. Munley, 247 Fed.Appx. 863 (3d Cir.2007) (per curiam) (not precedential). Radocesky now apparently claims that Judge Munley deprived him of various constitutional rights throughout the course of that action and also violated the Code of Conduct for United States Judges. The District Court dismissed the claim and Ra-docesky filed a timely notice of appeal.
We have jurisdiction pursuant to 28 U.S.C. § 1291. We summarily affirm an order of the district court “when ‘no substantial question’ is presented by the appeal.” United States v. Baptiste, 223 F.3d 188, 190 n. 3 (3d Cir.2000) (per curiam) (citation omitted).
The District Court correctly determined that judges are immunized from a suit for damages for acts done in the performance of their judicial duties. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). That immunity is lost only when a judge acts in the clear absence of all jurisdiction. Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 769 (3d Cir.2000). Here, Radocesky has not alleged that Judge Munley acted in the absence of all jurisdiction. Therefore, because Radoce-sky’s appeal presents us with no substantial question, we will summarily affirm the District Court’s order. See 3rd Cir. LAR 27.4 and IOP 10.6.