OPINION
PER CURIAM.
Ray Dean Colburn, an inmate at Columbia County Prison, in Bloomsburg, Pennsylvania, appeals pro se from the District Court’s dismissal of his petition for a writ of habeas corpus. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
On July 16, 2007, Colburn entered a plea of guilty to conspiracy to distribute a controlled substance. In April 2008, while awaiting sentencing, Colburn filed this federal habeas petition pro se, claiming a violation of due process, a violation of Federal Rule of Criminal Procedure 5, and ineffective assistance of counsel. The District Court determined that, whether filed pursuant to 28 U.S.C. § 2255 or § 2241, the petition was premature, and dismissed the petition without prejudice. The Dis *765 trict Court also noted that Colburn had ignored its emphatic instructions that all claims must be filed through his attorney, and directed the Clerk of the District Court not to docket any further pro se filings in this matter while Colburn is represented by counsel.
Colburn timely appealed. We have jurisdiction over the appeal under 28 U.S.C. § 1291 and § 2258(a), and we exercise plenary review over the District Court’s order.[1] See Okereke v. United States, 307 F.3d 117, 119 (3d Cir.2002).
Colburn did not specify whether he filed his petition pursuant to § 2255 or § 2241. Because Colburn has not yet been sentenced, § 2255 does not apply.[2] Relief is available under § 2241 “only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his -wrongful detention claim.” Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir.2002). As the District Court explains, once he is sentenced, Colburn may pursue his claims first on direct appeal and then through a petition for a writ of habeas corpus under § 2255.
We agree with the District Court that Colburn’s petition, filed before he was sentenced, is premature. Under United States v. Vampire Nation, 451 F.3d 189, 206 (3d Cir.2006), the District Court acted within its authority when it precluded Col-burn from filing pro se motions in this matter while represented by counsel. We conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court’s judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

. A certificate of appealability is not required for this appeal. See 28 U.S.C. § 2253; see also United States v. Baptiste, 223 F.3d 188, 189 n. 1 (3d Cir.2000) (a certificate of appealability is not required by statute, rule, or case law to appeal from a denial of a writ of error coram nobis under 28 U.S.C. § 1651(a)).

. 28 U.S.C. § 2255(a) applies to "[a] prisoner in custody under sentence of a court established by Act of Congress...."