OPINION
PER CURIAM.
Appellant Tony A. Wilson appeals from the District Court’s grant of Appellee’s motion to dismiss and denial of his motion for a preliminary injunction. For the following reasons, we will summarily affirm.
Wilson passed the July 2007 New Jersey Bar Examination. The New Jersey Committee on Character (“Committee”) advised Wilson on December 10, 2007, that, pursuant to regulations governing admission to the New Jersey Bar, it intended to hold a hearing regarding his application. The Committee also requested that Wilson provide additional information, including the status of his bar applications in other states. Wilson initially provided information from the Florida Board of Bar Examiners (“FBBE”) and the Connecticut Bar Examining Committee (“CBEC”), both of which denied Wilson admission to their respective states’ bars. In May 2008, Wilson notified the Committee that he was revoking his previous grant of authorization to have the FBBE and the CBEC provide information to the Committee. In December 2008, Wilson provided the Committee with another authorization and release for it to receive any and all information pertinent to the evaluation of his New Jersey application from outside sources, including the FBBE and the CBEC. The Committee has not yet held a hearing on Wilson’s applications nor has it made any decisions or recommendations as to the status of his application.
Wilson filed his complaint in the District Court in September 2008. In the suit, Wilson alleged that Appellee violated his due process rights by relying on information the FBBE and CBEC provided. Appellee filed a motion to dismiss, arguing that the District Court lacked subject matter jurisdiction because the case was not yet ripe. Wilson filed a cross-motion requesting a preliminary injunction requiring the Committee to: 1) provide him with adequate notice, 2) issue subpoenas for out-of-state witnesses, and 3) apply collateral estoppel at the formal hearing stage. The District Court granted the Appellee’s motion, denied Wilson’s motion, and dismissed the case. Wilson filed a timely notice of appeal from that order.
We have jurisdiction over final orders of the District Court under 28 U.S.C. § 1291. We summarily affirm an order of the District Court “when ‘no substantial question’ is presented by the appeal.” United States v. Baptiste, 223 F.3d 188, 190 n. 3 (3d Cir.2000) (per curiam) (citation omitted). Where the District Court grants a motion to dismiss a complaint under Fed. R.Civ.P. 12(b)(1) for failure to allege subject matter jurisdiction, our review is plenary and “we treat the allegations of the complaint as true and afford the plaintiff the favorable inferences to be drawn from the complaint.” NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir.2001).
We agree with the District Court that Wilson’s case is not yet ripe for adjudication. “The ripeness doctrine prevents judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.” Lauderbaugh v. Hopewell Twp., 319 F.3d 568, 575 (3d Cir.2003) (internal quotation marks and citation omitted). We generally analyze ripeness under a threefold rubric, taking into consideration: 1) the adversity of the parties’ interests, 2) the probable conclusiveness of a judgment *616 and; 3) the practical utility to the parties of rendering a judgment. NE Hub Partners, 239 F.3d at 342.
Here, none of the three elements is satisfied. The parties do not have adverse interests nor is there a conclusive judgment since the Committee has not yet acted on Wilson’s bar application. Further, we agree with the District Court that issuing a judgment at this time would not be useful to the parties inasmuch as Wilson’s claim involves uncertain and contingent events, namely, that the Committee may grant or deny his application. See id. at 342 n. 9.
Wilson spends much of his appellate brief arguing that the District Court erred by abstaining from deciding his federal claims. See generally Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). As we noted above, however, the District Court did not abstain, but rather found his complaint premature. Because we also find his claims not ripe for adjudication, we need not address his abstention arguments. We also find that the District Court properly denied Wilson’s cross-motion for a preliminary injunction.
Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the District Court’s order. See 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.