*404 OPINION
PER CURIAM.
Arthur D’Amario, III, appeals from the District Court’s denial of his motion to quash a subpoena. For the following reasons, we will summarily affirm. See 3rd Cir. LAR 27.4 and IOP 10.6.
In December 2001, a federal jury convicted Arthur D’Amario of threatening a United States District Judge in violation of 18 U.S.C. § 115(a)(1)(B). See United States v. D’Amario, 350 F.3d 348 (3d Cir.2003) (vacating and remanding for sentencing). Eight years after his conviction, D’Amario has filed a motion to quash the subpoena compelling the testimony from his attorney, Ed Roy, before the grand jury in May 2001. Apparently, D’Amario believes that Roy’s testimony violated the attorney-client privilege. The District Court denied the motion, and D’Amario filed a timely notice of appeal from that order.
We have jurisdiction pursuant to 28 U.S.C. § 1291. “We review the decision to quash a grand jury subpoena for abuse of discretion.” Impounded, 241 F.3d 308, 312 (3d Cir.2001). We summarily affirm an order of the district court “when ‘no substantial question’ is presented by the appeal.” United States v. Baptiste, 223 F.3d 188, 190 n. 3 (3d Cir.2000) (per cu-riam) (citation omitted).
Pursuant to a promptly made motion, a district court may quash or modify a subpoena if compliance with it would be unreasonable or oppressive. See Fed. R.Crim.P. 17(c)(2). Here, we agree with the District Court that a motion to quash filed eight years after the grand jury handed down the indictment is not promptly made. See, e.g., United States v. Kleen Laundry & Cleaners, Inc., 381 F.Supp. 519, 523 (E.D.N.Y.1974) (motion to quash subpoena must be made when the abuse becomes apparent, not after the indictment is handed down and long after any possibly abusive conduct has ceased). Therefore, the District Court did not abuse its discretion in denying the motion.
Because D’Amario’s appeal presents us with no substantial question, we will summarily affirm the District Court’s order. See 3rd Cir. LAR 27.4 and IOP 10.6.