OPINION
PER CURIAM.
John Humphries, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania denying his petition for a writ of error coram nobis and motion for transcripts. We will affirm the District Court’s order.
In 1996, Humphries pleaded guilty in federal court to conspiracy to distribute and possess with intent to distribute oxy-codone. He was sentenced to a term of 92 months in prison and 36 months of supervised release. Humphries did not file a direct appeal. Humphries was released from federal custody in 2002.
In 2009, Humphries challenged his conviction and sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of error coram nobis in District Court. Humphries claimed that his trial counsel was ineffective for, among other things, instructing him to make a deal with the prosecution that was not included in his plea agreement. He also claimed that the trial court erred by accepting his plea and failing to hold an evidentiary hearing on the voluntariness of his plea. Hum-phries further claimed that there was insufficient evidence supporting the factual basis for his plea and that his due process rights were violated. Humphries also filed a motion seeking the transcripts from his criminal proceedings. The District Court denied Humphries’ coram nobis petition *230 and denied his motion for transcripts as moot. This appeal followed.
As recognized by the District Court, “co-ram nobis has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer ‘in custody’ for purposes of 28 U.S.C. § 2255.” United States v. Baptiste, 223 F.3d 188, 189 (3d Cir.2000). It is an extraordinary remedy and a court’s jurisdiction to grant relief is of limited scope. Id. Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial and where valid reasons exist for failing to seek relief sooner. United States v. Stoneman, 870 F.2d 102, 106 (3d Cir.1989). In addition, the error must go to the jurisdiction of the trial court and render the criminal proceedings invalid. Id.
We agree with the District Court that Humphries did not establish valid reasons for failing to seek relief sooner. The facts supporting Humphries’ claims were known during his criminal proceedings, but Hum-phries did not file a direct appeal and it appears he did not file a motion pursuant to 28 U.S.C. § 2255. Because Humphries had remedies available at the time of his conviction, coram nobis relief is unavailable. See also United States v. Osser, 864 F.2d 1056, 1061-62 (3d Cir.1988) (concluding issue raised in coram nobis petition that could have been raised on direct appeal was waived). We also agree with the District Court that the errors that Hum-phries alleges are not of a fundamental character as they primarily challenge the voluntariness of his plea and do not implicate the trial court’s jurisdiction.[1] Although Humphries argues that he would be able to establish that constitutional violations occurred in his case if the District Court had granted his motion for transcripts, the District Court did not err in denying Humphries’ motion where coram nobis relief was properly denied.
Accordingly, because this appeal does not present a substantial question, we will affirm the District Court’s order.

. Based on these conclusions, we need not address the District Court’s additional finding that Humphries failed to show that he is suffering from continuing consequences from his conviction. We assume without deciding that Humphries continues to suffer adverse consequences even though he is no longer in custody.