GLD-230                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2373
_____

CHARLES SIMS AFRICA,
Appellant

v.

LT. DUKES; JULIE KERKER, Unit Manager; C. J. MCKEOWN, Hearing Examiner; OFFICER
TEASDALE; OFFICER NOEL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-10-cv-01838)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: July 31, 2012 )
_____

OPINION
_____

PER CURIAM

Charles Sims Africa, a state prisoner proceeding *pro se*, appeals an order of the District Court granting summary judgment. Because this appeal presents no substantial question, we will summarily affirm.

## I.

In September 2010, Africa filed a complaint pursuant to 42 U.S.C. § 1983 alleging various civil rights violations. According to the Complaint, from May 26, 2010 to June 13, 2010, Africa was confined to the Restricted Housing Unit ("RHU") of the State Correctional Institute at Retreat by Defendant Julie Kerker for failure to obey a command. While Africa was in the RHU, Lieutenant Dukes, a corrections officer employed by the prison, harassed and threatened him, hurled racial epithets, and denied him an hour of exercise. Africa was forced to share a cell with an inmate, George Tiddle, who was unstable and prone to fits of violence, a fact Dukes was aware of when he assigned the prisoners to share a cell. Both Africa and Tiddle asked Dukes to house them separate from each other. On June 9, 2010, while handcuffed in his cell, Africa was assaulted by Tiddle. Defendants Dukes, Noel, and Teasdale conspired to fabricate a story that Africa was fighting and omitted the fact that Africa was handcuffed during the attack in official reports. Defendant Noel issued Africa a misconduct report for fighting and Hearing Examiner C.J. McKeown found Africa guilty of fighting, even after learning that Africa was handcuffed during the assault.

The Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the District Court granted as to all claims and Defendants except the Eighth Amendment conspiracy claims against Teasdale and Noel.  The District Court granted Africa leave to file an amended complaint, which he did in May 2011.  The Amended Complaint alleged that the defendants violated his Eighth Amendment rights by failing to protect him from the assault and violated his Fourteenth Amendment rights by conspiring to issue a misconduct report and finding him guilty of misconduct.  All Defendants once again moved to dismiss pursuant to Rule 12(b)(6).  The Court granted the motion as to all claims and Defendants except the Eighth Amendment failure to protect claim against Dukes.  The District Court did not grant leave to amend, finding that further amendment would be futile.  In September 2011, Dukes filed an answer alleging that Africa failed to exhaust all available administrative remedies as required under the Prison Litigation Reform Act ("PLRA").  42 U.S.C. § 1997(e)(a).  Dukes subsequently filed a motion for summary judgment on the same ground, which the court granted.  Africa timely appealed.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Summary affirmance is proper when no substantial question is presented on appeal.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000).  Our review of orders dismissing under Rule 12(b)(6) and granting summary judgment is plenary, meaning we apply the same test the district court should have used initially.  To

3

withstand scrutiny under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2); Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010).

## III.

We first address the District Court's September 7, 2011 Order dismissing Africa's failure to protect claims against Kerker, McKeown, Teasdale, and Noel. A prison official cannot be found liable under the Eighth Amendment unless he knows of and disregards a substantial risk of serious harm to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Beers-Capitol v. Whetzer, 256 F.3d 120, 125 (3d Cir. 2001). The Amended Complaint alleged that Africa's cellmate was unstable and had previously attacked other inmates, and that Dukes was well aware of the cellmate's dangerous history. The Amended Complaint does not allege or allow for the reasonable inference that Kerker, McKeown, Teasdale, or Noel knew of the cellmate's dangerous history, and thus fails to state an Eighth Amendment failure to protect claim against these defendants. See id.

4

We will also summarily affirm the District Court's dismissal of Africa's Fourteenth Amendment due process and conspiracy claims against all defendants. In the prison context, the right to procedural due process is not triggered unless the prisoner is subject to "restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The Amended Complaint fails to allege Africa suffered an atypical or significant hardship; indeed it fails to allege any details concerning his treatment after being found guilty of the misconduct. Moreover, the Amended Complaint states that Africa was given a hearing on the misconduct report; Africa does not allege that he was denied the opportunity to challenge the misconduct charges. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002). [1]

## IV.

The District Court granted summary judgment as to Africa's Eighth Amendment failure to protect claim against Dukes for failure to exhaust. Congress has provided that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).

---

[1] With regard to Africa's conspiracy claims, they pertain solely to the misconduct, not the assault preceding it. As the misconduct did not involve constitutional violations, the conspiracy claims fail.

Africa did not contest Dukes' contention that he failed to exhaust administrative remedies, but instead asserted the exhaustion requirement must be excused because grievances related to a misconduct charge or disciplinary sanction "will not be addressed through the inmate Grievance process and must be addressed through department policy DC-ADM 801, 'Inmate Discipline' and/or DC-ADM 802, 'Administrative Custody Procedures.'" However, Africa's surviving claim against Dukes alleged an Eighth Amendment violation based on failure to protect. Accordingly, the District Court correctly granted Dukes' motion for summary judgment.[2]

## V.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.

---

[2] The District Court did not abuse its discretion in denying Africa leave to further amend his complaint.