**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2381
_____

FRANK JONES,
                              Appellant

v.

BRIAN COLEMAN, Superintendent; JILL MONAS;
JASON ASHTON; DAWN MURRAY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 2-11-cv-00701)
District Judge:  Honorable David S. Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 8, 2013
Before:  HARDIMAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: August 22, 2013)
_____

OPINION
_____

PER CURIAM

Frank Jones, an inmate at the Pennsylvania State Correctional Institute at Fayette,

appeals from the order of the United States District Court for the Western District of

1

Pennsylvania granting Appellees' motion for summary judgment. We will summarily affirm. See Third Circuit LAR 27.4 and I.O.P 10.6.

I.

Because we write primarily for the parties, we recount only the essential facts and procedural history. Frank Jones, an inmate at SCI-Fayette, filed numerous grievances against his unit supervisors alleging retaliation as evidenced by a negative parole recommendation and a more restrictive inmate status designation. The grievances were rejected for Jones' failure to comply with the provision of DC-ADM 804-1, entitled the "Consolidated Inmate Grievance Review System." Jones appealed and Appellee Superintendent Coleman dismissed on May 19, 2010 for Jones' failure to cure the deficiencies with his grievance as directed. Jones appealed to the Secretary's Office of Inmate Grievances & Appeals, the final appeal stage, but was informed on June 6, 2010, that his appeal was incomplete for failure to provide the necessary documentation relevant to his appeal. He was directed to file the necessary documentation within fifteen days. On July 1, 2010, Jones requested a copy of his appeal documentation from Appellee Coleman, who in turn informed Jones that a prison regulation requires Jones to pay a $16 fee. There is no evidence that Jones paid the fee, received a copy of his appeal documentation or timely sent his appeal documentation to the Secretary's Office. The Secretary's Office dismissed Jones' grievance appeal on July 16, 2010 for failure to provide the required documentation for proper review.

On May 11, 2011, Jones, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated when Appellees, all employees of SCI-Fayette, retaliated against him by classifying him as an "H" code inmate and providing a negative parole recommendation. Pursuant to a case management order issued by the Magistrate Judge, Appellees filed a motion for summary judgment arguing that Jones' complaint should be dismissed for failure to exhaust his administrative remedies. The Magistrate Judge found Jones' response did not properly deny the factual allegations of Appellees' Concise Statement of Facts and adopted those facts as true. The Magistrate Judge concluded that Jones failed to exhaust his administrative remedies by not submitting the required documentation at the final appeal level and recommended granting Appellees' motion for summary judgment.

On March 28, 2013, the District Court rejected Jones' objections, adopted the Magistrate Judge's report and recommendation as the opinion of the court and granted Appellees' motion for summary judgment. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). We may summarily affirm the District Court's judgment if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also U.S. v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000).

III.

3

Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We agree with the District Court's grant of Appellees' motion for summary judgment.

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983…by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Properly perfected exhaustion of administrative remedies is mandatory. Woodford v. Ngo, 548 U.S. 81, 93 (2006). To properly exhaust, a prisoner must bring his complaint to every level of the state's prison grievance system and follow all of its procedures. Id., at 85. An untimely or otherwise procedurally defective administrative grievance or appeal results in a procedural default and does not satisfy the exhaustion requirement thereby precluding an action in federal court. See Id., at 90-91 (proper exhaustion of administrative remedies means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits); Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

Under DC-ADM 804, exhaustion requires three steps: the filing of an initial grievance; an appeal to the facility manager or superintendent; and an appeal to the Secretary's Office of Inmate Grievances and Appeals.

4

Jones argues that Appellees' failure to respond to his timely filed grievance appeal within the time-frame prescribed by DC-ADM 804 rendered the administrative remedies unavailable to him under PLRA. Jones' argument is unavailing. Even accepting as true that Coleman was untimely in responding to Jones' grievance, his action did not preclude Jones' from filing a timely, proper appeal of Coleman's decision once that decision was reached. At no time was the grievance process unavailable to Jones. As the record reflects, Jones did appeal to the Secretary's Office. The issue before the District Court was whether Jones properly exhausted his remedies at this stage. We agree with the District Court's finding that Jones failed to do so.

Jones neglected to properly provide the documentation needed for the Secretary's Office to address the merits of his grievance and the Secretary gave Jones fifteen working days to comply with the proper procedure. Jones did not timely submit the necessary paperwork for the Secretary's Office to address his appeal on the merits and his appeal was dismissed for that reason. It is thus undisputed that he procedurally defaulted on his final appeal and his action in federal court is precluded. Therefore, Jones' appeal presents no substantial question and the order of the District Court is summarily affirmed.