BLD-400                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2663
_____

GEORGE HENRY BALLARD, III,
Appellant

v.

THE CITY OF PHILADELPHIA; EMMA CHAPPELL; PECO; VERIZON OF PA;
NATIONAL CAR RENTAL/ENTERPRISE; THE COMMONWEALTH OF
PENNSYLVANIA, AND OTHERS TO BE AMENDED; MICHAEL NUTTER; KEITH
RICHARDSON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2-11-CV-07926 )
District Judge:  Honorable Legrome D. Davis

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 22,2013
Before:  HARDIMAN, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed:  September 27, 2013)
_____

**OPINION**
_____

PER CURIAM

Pro Se Appellant George Henry Ballard, III, proceeding in forma pauperis, appeals the District Court's orders granting defendants' motion to dismiss his complaint. We will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

In December 2011, Ballard filed a complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., the Sherman Act ("Sherman Act"), 15 U.S.C. § 1 et seq., and the due process and equal protections clauses of the United States Constitution. Ballard also asserts state law claims of abduction, extortion, obstruction of justice, and fraud. The complaint alleges that the defendants engaged in a civil conspiracy for more than twenty-five years to: (1) deny Ballard and his supporters the opportunity to organize a "minority owned commercial bank"; (2) withhold from him water, gas, and electricity; (3) cause the dissolution of his marriage; (4) cause the assassination of his son; (5) prevent repairs to his roof; (6) destroy his fence; (7) repossess his car; (8) deny him housing; and (9) commit other miscellaneous offenses.

The defendants responded by individually filing motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Through two orders dated April 29 and May 23, 2013, the District Court granted the defendants' motions and dismissed Ballard's motion for reconsideration of the Court's April 29 order.

Ballard filed a timely notice of appeal on June 7, 2013. Our Clerk advised him that his appeal faced dismissal under 28 U.S.C. § 1915(e) or summary action under Third

2

Circuit LAR 27.4 and I.O.P. 10.6. In his response to the Clerk's letter, Ballard alleges he is entitled to default judgment based on the defendants' collective failure to respond to his complaint and summons within 21 days or ask for an extension of time to do so. Ballard also requests appointment of appellate counsel.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm the District Court's judgment if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also U.S. v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000). Our review of the District Court's order dismissing the complaint is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

## III.

In order to state a claim upon which relief may be granted, a plaintiff must present facts that, if true, show a facially plausible right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fleisher v. Standard Ins. Co., 679 F.3d 116 (3d Cir. 2012).

The District Court granted the Commonwealth of Pennsylvania's motion to dismiss based upon the Commonwealth's immunity from suit under the Eleventh Amendment. Ballard has presented no argument that persuades us to disturb the District Court's decision.

The District Court granted PECO Energy's, EAN Holdings', and Verizon's motion because Ballard did not allege that the private defendants were acting under the

3

color of state law as required by 42 U.S.C. § 1983. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Likewise, the Court dismissed Ballard's RICO claim because he failed to allege a concrete financial injury as required by 18 U.S.C. § 1964(c). See Maio v. Aetna, Inc., 221 F.3d 472, 483 (3d Cir. 2000). The Court dismissed Ballard's Sherman Act claim for lack of standing due to his failure to allege that that he suffered antitrust injuries. See Broadcom v. Corp. v. Qualcomm, Inc., 501 F.3d 297, 320 (3d Cir. 2007); City of Pittsburgh v. W. Penn Power Corp., 147 F.3d 256, 264 (3d Cir. 1998). Finally, the District Court dismissed Ballard's state law claims of fraud, extortion, obstruction of justice, and abduction because Ballard failed to allege the elements of common law fraud, and because Pennsylvania does not recognize a civil action for extortion, obstruction of justice, or abduction. We find no error in the District Court's conclusions of law and Ballard has presented no argument to persuade us otherwise.

The District Court dismissed all claims against Emma Chappell for Ballard's failure to timely effectuate service under Fed. R. Civ. P. 4(m). The Court gave Ballard numerous chances to submit the U.S. Marshall's 285 Form with an accurate, current address for Chappell, but Ballard failed to do so. Therefore, the decision of the District Court will not be disturbed.

Finally, the District Court dismissed Ballard's § 1983 claim against the City of Philadelphia because Ballard did not allege that a policy or custom of the City caused his injury. See Monell v. New York Department of Social Services, 436 U.S. 658, 694

4

(1978). Likewise, the Court dismissed the remaining RICO, Sherman Act, and state law claims against the City for the same reasons described above. Finding no error in the District Court's legal conclusions, we will not disturb the District Court's judgment.

Ballard filed a motion for reconsideration, which the District Court dismissed as untimely. See Local Rule of Civil Procedure 7.1(g) (requiring motions of reconsideration to be filed within 14 days). However, pursuant to Fed. R. Civ. P. 59(e), Ballard was required to file his motion within 28 days. Nevertheless, Ballard's motion fails because he did not allege any cognizable grounds for granting his motion. See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) ("[A] judgment may be altered or amended if the party seeking reconsideration show at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [entered] judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.").

## IV.

Thus finding no substantial question raised by this appeal, we summarily affirm the decision of the District Court. To the extent Ballard's "Argument in Support of Appeal" includes a motion for appointment of counsel, the motion is denied.