ALD-303                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2911
_____

CHARLES SLAUGHTER,
a/k/a Umar M. Alikhan,
                              Appellant

v.

GRACE ROGERS, Administrator; GEORGE HAYMAN, Commissioner;
BERNARD GOODWIN, Asst. Administrator; SGT. BROWN;
JOSEPH D'AMICO, Commisary Manager; STUART RABNER,
Attorney General State of New Jersey;
CAPT. WRIGHT, Acting Chief of Security for A.D.T.C.;
NEWARK TOBACCO AND CANDY CO

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-07-cv-02163)
District Judge:  Honorable Garrett E. Brown
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010
Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: October 14, 2010)
_____

OPINION
_____

1

PER CURIAM

Proceeding *pro se*, appellant Charles Slaughter (also known as Umar M. Alikhan) appeals the order granting summary judgment in favor of the defendants. We will affirm.

I.

In May 2007, Slaughter, an inmate of the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants—staff and administrators of the ADTC—violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. He aired two primary grievances. The first was a failure by the defendants to adequately address his exposure to environmental tobacco smoke ("ETS"), allegedly leading to a number of respiratory ailments such as chest pain and recurrent asthma. The second was an allegation that his legal mail was being opened outside of his presence. Several other claims and defendants were dismissed by the District Court in May 2008.[1]

In June 2010, the District Court granted the defendants' motion for summary judgment, concluding that Slaughter had failed to "disclose material facts at issue that need to be resolved at trial" and that his action was deficient as a matter of law. Slaughter v. Rogers, No. 2-07-cv-02163, 2010 U.S. Dist. LEXIS 60051, at *22 (D.N.J. June 17, 2010).

---

[1] Although Slaughter does not expressly challenge those earlier orders in his appeal, it is our practice to construe a *pro se* notice of appeal liberally so as to include prior orders and judgments that substantially relate to the specific order addressed. See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000). However, our review reveals no errors in the reasoning of the District Court.

Slaughter filed a timely notice of appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 (2006). Our review of an order granting summary judgment is plenary and utilizes "the same standard that the lower court should have applied." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000); see also Fed. R. Civ. P. 56(c)(2) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."). While we view the facts in the light most favorable to the nonmoving party, Shea v. Smith, 966 F.2d 127, 128 (3d Cir. 1992), we are mindful that sufficient evidence, and not merely *some* colorable evidence, is required if a claim is to survive summary judgment. Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009).

Our review of an order granting dismissal for failure to state a claim is also plenary. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). In analyzing the propriety of such an order, we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). However, the complaint must aver more than a formulaic recitation or naked assertions of guilt, instead containing sufficient factual matter to "allow[] the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009); Sheridan v. NGK Metals Corp., 609 F.3d 239, 263 n.27 (3d Cir. 2010).

We may summarily affirm if the appeal does not present substantial questions. See LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000). In taking summary action, we may affirm on any basis that finds support in the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). For the following reasons, we will affirm the judgment of the District Court.

III.

Slaughter alleged that the defendants violated his rights under the Eighth Amendment by failing to correct rampant smoking by inmates and staff despite facility policies and state law.

An inmate alleging an Eighth Amendment violation must show that the deprivation or harm suffered was sufficiently serious, denying him the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 417–18 (3d Cir. 2000). He must also demonstrate that the defendants "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001). ETS exposure, as a threat to both present and future health, can state a cause of action under the Eighth Amendment, so long as the subjective and objective tests are met. See Helling v. McKinney,

4

509 U.S. 25, 35 (1993); Atkinson v. Taylor, 316 F.3d 257, 262–63, 266 (3d Cir. 2003). Specifically, the inmate must show 1) exposure to "unreasonably high" levels of ETS that would violate contemporary standards of decency, and 2) deliberate indifference by prison authorities. Helling, 509 U.S. at 35–37.

We agree with the District Court that Slaughter has, as a matter of law, fallen far short of demonstrating deliberate indifference on the part of the defendants. Defendants provided evidence showing the existence of an institutional smoking policy dating from July 2001, issued with "particular concern [to] the risks posed to nonsmokers by passive inhalation of environmental tobacco smoke." Izbicki Decl. Ex. B. They also furnished evidence demonstrating citations for violation of the policy, correspondence acknowledging receipt and consideration of Slaughter's complaints, and memoranda emphasizing the seriousness of the policy and penalties for infractions. Id. at Ex. D–G. These responses by prison authorities, indicating attentiveness to the policy and awareness of and disciplining of violators—if not necessarily total success in enforcement—suggest that the defendants took Slaughter's complaints quite seriously, and Slaughter has not provided sufficient evidence to dispute this conclusion.

Accordingly, Slaughter has not shown that the defendants acted with deliberate indifference. As a result, his Eighth Amendment claim fails.

IV.

Slaughter also alleges a violation of his First and Fourteenth Amendment rights, based

5

on defendants' opening of his legal mail outside of his presence. He asserts that problems with legal mail continued well after the implementation of changes to facility policy; that legal mail, specifically mail from the Internal Revenue Service, had been opened before delivery; that his legal mail had been distributed throughout the facility and has been read by third parties; and that the facility had lost or misplaced his legal mail on at least one occasion, causing him to miss a scheduled court date in Union County on an unrelated civil suit. He filed numerous complaints addressing his grievances with legal-mail delivery.

To the extent Slaughter is claiming denial of his right of access to the courts, he must show an actual injury, such as the "loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). He alleges only one such injury: the missed court date in Union County. But as Slaughter admits, he successfully corrected this error and reopened his case. He therefore lacks an injury sufficient to support an access-to-the-courts claim.

To the extent that Slaughter is claiming denial of his free-speech rights under the First Amendment, he must show a pattern or practice regarding legal mail that is not related to legitimate penological interests; under this analysis, he need not have suffered any actual injury. Jones v. Brown, 461 F.3d 353, 359–60 (3d Cir. 2006). We agree with the District Court that no "policy" of opening legal mail was in place during the majority of the period encompassing Slaughter's grievances, and that the specific incidents to which Slaughter objected—many of which appear to be over whether correspondence from the Internal Revenue Service qualifies as "legal mail"—do not rise to the level of being the "pattern and

6

practice" of First Amendment violations required by <u>Jones</u>.

Slaughter has shown neither an actual injury nor an impermissible pattern and practice. As a result, his legal-mail claim fails.

V.

Because this appeal presents no substantive legal issue, we will summarily affirm the District Court's judgment.