BLD-034                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3437
_____

IVAN DAVIS,

Appellant

v.

THOMAS M. GAUBY, SR. (POLICE OFFICER); LINDA K. M. LUDGATE;
KEVIN D. GILLESPIE (DISTRICT ATTORNEY); KEVIN M. BEALS (PUBLIC
DEFENDER); COMMON PLEAS COURT BERKS COUNTY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-03136)
District Judge:  Honorable Stewart Dalzell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2010

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: November 30, 2010)
_____

OPINION
_____

PER CURIAM

Ivan Davis, a state prisoner proceeding *pro se*, appeals from an order of the District Court that denied his motion for counsel and *sua sponte* dismissed his suit. We agree with the decision of the District Court and will summarily affirm.

Davis filed a 42 U.S.C. § 1983 action on June 20, 2010. His claims, woven through myriad District Court filings, appear to charge the defendants—mostly parties involved in his criminal conviction—with numerous constitutional violations sounding under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. He averred that his ten-year sentence, as sought by District Attorney Kevin D. Gillespie and imposed by Judge Linda Ludgate, was "cruel and unusual punishment" in light of errors allegedly committed at trial, which included a decision to proceed with an all-white jury and a failure by the District Attorney to sign the charging instrument. He accused his public defender, Kevin M. Beals, of ineffectiveness for failing to ask for a change of venue and failing to exercise zeal in his representation; claimed that officer Thomas M. Gauby, Sr., had failed to investigate or take a statement in an aggravated assault case stemming from events occurring in September, 2002, which apparently blocked Davis from "press[ing] charges" on the persons who assaulted him[1]; and charged the Berks County prison with "illegal[ly]" confining him in its restricted housing unit. By motion

1. [1] Davis seems to refer to ground covered by this Court in a prior case of his, during which he challenged the alleged use of excessive force against him by three correctional officers. See Davis v. Berks County, 351 Fed. Appx. 640, 641 (3d Cir. 2009); see also Mot. to Proceed *In Forma Pauperis* (D.C. Dkt. #003) 2. However, these references, like the rest of his complaint and accompanying materials, are vague.

filed July 26, 2010, Davis asked for copies of the transcripts from his criminal trial and renewed his request for appointment of counsel.

By order entered August 2, 2010, the District Court granted Davis's motion to proceed *in forma pauperis*, denied his motion for appointment of counsel, and dismissed his claims without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failing to state a claim upon which relief could be granted. Specifically, the District Court found that the majority of Davis's allegations attacked the circumstances surrounding his trial and sentencing, and thus should have been brought in a habeas petition under 28 U.S.C. § 2254. It also noted that Davis had a habeas petition then pending in District Court. [2] The rest of his claims, which related to incidents from 2002 or 2003, were barred as untimely.

Davis filed several motions in the wake of the August 2 order. On August 3, 2010, Davis filed a "Motion for Appeal Decision," which the District Court construed as a notice of appeal. [3] The next day, he filed a timely motion for reconsideration, which the court denied on August 10, 2010. On August 16, Davis filed an untitled document in which he repeated several of his claims and renewed his request for an attorney; the

---

[2] This petition was denied on August 4, 2010, and Davis has not pursued appellate relief in that action. See generally Davis v. Beard, No. 5:09-cv-05078 (E.D. Pa.).

[3] District Court docket entries #009 and #011 both reflect the same "Motion for Appeal Decision" filed on August 3.

District Court interpreted this document as another motion for reconsideration under Fed. R. Civ. P. 59(e) and denied it on September 10, 2010.

We have jurisdiction under 22 U.S.C. § 1291. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995) (dismissal under § 1915(e) without prejudice is appealable because "an *in forma pauperis* plaintiff must be afforded appellate review of a determination that he is required to pay all or a portion of the court costs and filing fees to file a claim . . . because his complaint is frivolous"). This appeal ripened on September 10, 2010, upon the District Court's denial of Davis' motion for reconsideration. See Fed. R. App. P. 4(a)(4)(B)(i); Carrascosa v. McGuire, 520 F.3d 249, 253 (3d Cir. 2008) ("[A] notice of appeal filed before the disposition of . . . a motion for reconsideration will become effective upon entry of the order disposing of the motion."). As Davis did not file a new or amended notice of appeal, as is required by Fed. R. App. P. 4(a)(4)(B)(ii), we will not address the propriety of the District Court's denial of the motions for reconsideration.[4] See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

Our review of a District Court's *sua sponte* dismissal for failure to state a claim is plenary, requiring us to draw all reasonable inferences therefrom in the plaintiff's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm the judgment of the District Court if the appeal does not present substantial questions, see LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000),

---

[4] Davis has continued to file motions in the District Court. Their disposition in the District Court is not currently before us.

and may do so on any basis supported by the record, see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review a denial of a motion for appointment of counsel for abuse of discretion. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

We agree with the District Court that the majority of Davis's allegations involve matters inappropriate for disposition under 42 U.S.C. § 1983. It is well established that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Challenges to matters within the core of habeas, "however denominated and regardless of the relief sought, **must** be brought by way of a habeas corpus petition." Torres v. Fauver, 292 F.3d 141, 143 (3d Cir. 2002) (emphasis added). The portions of Davis's complaint that allege malfeasance by the prosecutor and trial judge, charge his attorney with constitutionally inadequate representation, and challenge his sentence fall squarely within Preiser and cannot be brought under § 1983.

That leaves Davis's vague and unspecific allegations of assault, abuse, and obstruction. We agree that most of these claims, which appear to date from 2002 and 2003, are barred by the statute of limitations. See Pa. Cons. Stat. § 5524 (providing a two-year limitations period for personal injury actions); Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003) (claims under § 1983 are governed by state time limitations on personal-injury actions). The injuries he alleges are of the sort that would have been apparent to him at the time they were committed. See Sameric Corp. v. City of

5

Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) ("A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."). Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when "the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (citations omitted); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655–56 (4th Cir. 2006). To the extent that Davis is claiming that his *current* placement in the Restricted Housing Unit violates his right of access to the courts, he has not pled the "actual injury" required to sustain the claim, see Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997); to the extent that he alleges that his segregation amounts to an Eighth Amendment violation, he has not shown deprivation of "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 417–18 (3d Cir. 2000). Accordingly, we agree with the District Court that Davis has failed to state a claim upon which relief could be granted.[5]

Ordinarily, a District Court should not *sua sponte* dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim without providing the plaintiff an opportunity to amend his complaint. As it appears that amendment would be futile, we

---

1. [5]
    As the complaint has no legal merit, the District Court did not abuse its discretion in declining to appoint an attorney to represent Davis. See Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (establishing "arguable merit in fact and law" as threshold for appointment of counsel under § 1915).

conclude that the District Court did not err in declining to afford Davis leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002); see also Garvin, 354 F.3d at 222 ("[A]ny amendment of [the] complaint would have been futile because the amended complaint could not have withstood a motion to dismiss on the basis of the statute of limitations.").

As the appeal presents no substantial issues, we will summarily affirm the judgment of the District Court. To the extent that the two motions filed by Davis in this Court, styled as a "Motion for Reviewing Lower Court Decision on Action 10-3165" and "Motion to Support My Argument," request additional relief, they are denied. Davis's motion for appointment of counsel is also denied.