**BLD-158**                                                 **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 10-3955
_____

IVAN BLAIR DAVIS,

                         Appellant

v.

THOMAS M. GAUBY, SR.; POLICE DEPT.; LINDA K. M. LUDGATE; JOHN DOE,
ET AL.; KEVIN D. GILLESPIE, District Attorney Berks County;
KEVIN M. BEALS, Public Defender

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-04410)
District Judge: Honorable Stewart Dalzell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2011

Present: SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 20, 2011)
_____

OPINION
_____

PER CURIAM

Ivan Davis appeals in forma pauperis from an order dismissing his complaint and denying his request for counsel. We will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

In dismissing Davis's complaint, the District Court observed that it "represent[ed] the third action that plaintiff has filed within the past three months, with each action naming Thomas M. Gauby, Sr., Linda K. M. Ludgate, Kevin D. Gillespie, and Kevin M. Beals as defendants." In Davis v. Gauby, No. 10-3437, 2010 U.S. App. LEXIS 24498 (3d Cir. Pa. Nov. 30, 2010) (per curiam), we analyzed one such suit, whose claims were identical to those currently before us: allegations of institutional abuse now barred by the statute of limitations, unclear references to bias and denial of due process, charges of judicial and prosecutorial misconduct, and habeas corpus arguments (such as ineffective assistance of counsel)—all haphazardly pleaded in a freewheeling style that assumed previous familiarity with the actors and events while equating conclusion with fact.[1] At the time, we determined that Davis's appeal was meritless. Id. at *8. In the interests of judicial economy, we decline to repeat today our analysis of his claims, and instead

_____

[1] *E.g.*, "The police have violated my due process I have the right by law to make a statement my 8th amendment was denied on the ground I had the right to press charges on the correctional officers who had assault battery me I was denied my rights by the police officer who never investigation on the case racist discrimination play big part in this case." 9/20/2010 Statement 3, ECF No. 5.

2

incorporate by reference our prior decision.[2]

Furthermore, we agree with the District Court that this suit shows Davis's "lack of regard for the Court's limited time and resources." Accordingly, we will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Davis's motion for appointment of counsel is denied; to the extent that his other filings with this Court (many styled as "motions") request independent relief, they are denied.

---

[2] To the extent that Davis raised one *new* claim—an access-to-the-courts charge, predicated at least partly on interference with his legal mail—he asserted it for the first time on appeal; hence, we decline to address it. Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 1994) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal.").