DLD-061                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3443
_____

MARTIN YANEZ-GARCIA,
                                              Appellant

v.

WARDEN DAVID EBBERT, FCI Allenwood; AUSA UNITED
STATES DISTRICT COURT, Southern District of Texas (Brownsville)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-01430)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2010

Before:  BARRY, FISHER and STAPLETON, Circuit Judges

(Opinion filed: January 11, 2011)
_____

OPINION
_____

PER CURIAM

     Martin Yanez-Garcia, proceeding *in forma pauperis*, appeals from an order of the

United States District Court for the Middle District of Pennsylvania dismissing his 28

U.S.C. § 2241 petition for habeas corpus.  For the following reasons, we will summarily

affirm the judgment of the District Court.

Yanez-Garcia, a federal prisoner currently incarcerated at FCI Allenwood in White Deer, Pennsylvania, pleaded guilty in 1999 in the United States District Court for the Southern District of Texas to drug-related charges. See United States v. Yanez-Garcia, No. 99-cr-00055-1 (S.D. Tex.). There is no indication that he appealed the verdict or his sentence, nor does he appear to have collaterally challenged the conviction under 28 U.S.C. § 2255.

On July 8, 2010, Yanez-Garcia filed a petition for habeas corpus under 28 U.S.C. §§ 2241 and 2243, within which he attacked the circumstances surrounding his guilty plea—specifically, the failure by both counsel and the presiding judge to warn him of the "strong possibility of deportation sanctions" attendant to a conviction. This defective pleading process, he charged, violated his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to due process, as the plea was obtained in violation of Fed. R. Crim. P. 11. The District Court held that these claims should have been brought in a motion under 28 U.S.C. § 2255. Moreover, the mere fact that Yanez-Garcia was likely barred from filing a § 2255 motion due to the one-year Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations did not render § 2255 relief inadequate or ineffective. Thus, as Yanez-Garcia did not qualify for the "safety valve" exception to § 2255, the District Court dismissed the petition for lack of jurisdiction.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the

denial of a 28 U.S.C. § 2241 petition, we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary."). If the instant appeal does not present a substantial question, we may summarily affirm the District Court's decision. See LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We are in full accord with the opinion of the District Court. It is well settled that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). While 28 U.S.C. § 2255(e), sometimes known as the "safety valve" provision, allows a federal prisoner to challenge his conviction or sentence under § 2241, it affords this relief only if "remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Inadequacy is not presumed simply because the gate-keeping or timeliness requirements of § 2255 would forestall relief. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Instead, appropriate use of the safety valve is limited to rare circumstances, such as when a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law [negated]." See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

As Yanez-Garcia explicitly challenges the constitutionality of his conviction, he should have filed a § 2255 motion. That he is likely barred under the one-year limitations period is irrelevant. Yanez-Garcia has completely failed to show that he qualifies for relief under the "safety valve."

Therefore, as no substantial questions are presented by this appeal, we will summarily affirm the judgment of the District Court.