**CLD-158**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1230
_____

DAVID M. WILLIAMS,

                                                        Appellant

v.

CARL DANBERG, Commissioner of Corrections; TERRY ZINK, Esquire, Appeals
Division; JTVCC RECORDS

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-10-cv-00765)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 3, 2011)
_____

OPINION
_____

PER CURIAM

       David Williams appeals the dismissal of his complaint and the denial of his

motion for counsel.  We have jurisdiction under 28 U.S.C. § 1291, and will affirm the

judgment of the District Court.

Williams, a pro se plaintiff proceeding in forma pauperis, filed the instant 42 U.S.C. § 1983 complaint on September 4, 2010, alleging that the defendants were holding him in extended confinement in violation of the Eighth Amendment to the United States Constitution. He argued that the status sheet for his incarceration lists an incorrect case number, reflecting charges that were later consolidated or dismissed, and that this clerical error should result in the termination of the state sentence he is otherwise serving.

Williams had previously pursued a similar claim in Delaware state court, and the Delaware Supreme Court summarized his situation as follows:

> "[O]n April 1998, a grand jury returned three separate indictments against Williams. Williams failed to appear for his arraignment and was arrested in July 1998 on new criminal charges. The grand jury returned a fourth indictment against Williams. In October 1998, the State obtained a superseding indictment, which incorporated three of the indictments into the fourth. Case ID 9803018202 was designated as the lead case. Four counts of the superseding indictment were later severed and redesignated as Case ID 9803018202B. Williams ultimately was convicted of those four charges in August 1999. He was sentenced as a habitual offender. . . . In July 2010, Williams filed a motion for correction of an illegal sentence under Superior Court Criminal Rule 35(a) on the ground that his status sheet maintained by the Department of Correction incorrectly lists him as being convicted under the indictment in Case ID 9803018210, which was dismissed by the State upon the issuance of the superseding indictment."

Williams v. State, 7 A.3d 486, 2010 Del. LEXIS 571, at *1–2 (Del. 2010) (table). The court denied Williams's motion, holding that the sentence he was serving was statutorily authorized and legal, and was unaffected by the Department of Correction's clerical error. Id. at *2.

The District Court recognized that Williams's complaint was a mere recasting of his earlier attempt to shorten his sentence; pursuant to its screening responsibilities under

2

28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), it dismissed the complaint and denied Williams's request for counsel. See Williams v. Danberg, No. 10-765, 2011 U.S. Dist. LEXIS 538, at *12–13 (D. Del. Jan. 3, 2011).

Our review of the District Court's exercise of its screening authority is plenary, and we must accept as true the factual allegations in the complaint and all reasonable inferences drawn therefrom. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily affirm if no substantial question is presented by the appeal, and may do so on any ground supported by the record. United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000); Tourscher, 184 F.3d at 240. Denial of a motion for counsel is reviewed for abuse of discretion. Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

It is clear that Williams's suit is not viable in its present state. Under the rule established by Heck v. Humphrey, a "claim for damages bearing [a] relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." 512 U.S. 477, 487 (1994); see also Gilles v. Davis, 427 F.3d 197, 208 (3d Cir. 2005). As the sentence has not been invalidated—indeed, as observed above, his sentence has recently been upheld—he cannot pursue monetary relief under § 1983. To the extent that Williams seeks the equitable remedy of release from confinement,[1] "when a state

---

[1] In his complaint, Williams asked the District Court to "issue injunctive relief, compensatory, for mistake of facts, negligence, also change in plea." Compl. 4, ECF No. 2. However, he earlier specified that he "request[ed] this Honorable Court to have [the prison] release Petitioner." Compl. 3.

3

prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his *sole* federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (emphasis added). Hence, Williams is required to pursue his claim under habeas corpus and not under § 1983.[2]

We are also in full accord with the District Court that amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113 (3d Cir. 2002). Williams would not be able to surmount the issues we identified above, let alone the various other deficiencies identified by the District Court. It therefore follows that the District Court did not abuse its discretion in declining to appoint counsel.

Having identified no substantial issue in this appeal, we will affirm the judgment of the District Court for the foregoing reasons.

---

[2] Williams claims that he "filed a section 2254 habeas corpus . . . [but] can't get the proper document to send to [the] 3rd Circuit Court to file a successive habeas petition," and he argues that he must be allowed to proceed under § 1983 when "federal habeas is not available." Pl.'s Mem. ¶ 5, ECF No. 7 (citing Spencer v. Kemna, 523 U.S. 1 (1998)). But Williams has, on multiple occasions, applied to this Court for leave to file a second or successive habeas petition. See C.A. Nos. 10-3632, 08-2259. Given these prior filings, we find it difficult to credit Williams's protestations of inability.