**DLD-239**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1303
_____

ANTONIO HENNIS,

Appellant

v.

CORRECTIONAL OFFICER TEDROW;
OFFICER SERGEANT MACEYKO;
OFFICER SERGEANT LILY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-00445)
District Judge:  Honorable Cathy Bissoon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2012

Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 7, 2012)
_____

OPINION
_____

PER CURIAM

Antonio Hennis, a state prisoner proceeding *pro se*, appeals an order of the District Court granting the defendants motion to dismiss. Because this appeal presents no substantial question, we will summarily affirm.

In April 2010, Hennis filed a complaint pursuant to 42 U.S.C. § 1983 alleging deprivation of his rights under the First, Eighth, and Fourteenth Amendments by eight defendants employed by the Pennsylvania Department of Corrections. Hennis is a state prisoner incarcerated in the State Correction Institute at Greensburg and is a practitioner of "orthodox Nazarite vow Rastafarianism." The Complaint alleged that in May 2008, Defendant Officer Tedrow ordered Hennis to cut his dreadlocks, in violation of his religious beliefs. Hennis alleged that he had a religious exemption for his dreadlocks, and that Defendant Reverend David Watkins, who is in charge of maintaining religious exemption files, intentionally misplaced his religious exemption to allow Tedrow to harass him. Tedrow told Hennis to cut his hair one week later, in violation of a prison policy giving inmates fifteen days to obtain a hair exemption. Tedrow subsequently filed a misconduct report for Hennis' failure to comply with his order. Hennis, who was never forced to cut his hair, obtained a hair exemption in July 2008. Hennis claims that Tedrow violated his rights under the Equal Protection Clause of the Fourteenth Amendment, and that Watkins violated his rights under the Free Exercise Clause of the First Amendment.

2

Hennis filed a grievance concerning Tedrow's harassment; it was denied. The denial was affirmed on appeal by Defendant Superintendent Lockett but the grievance was remanded by Defendant Chief Grievance Office Cindy Watson to Lockett for additional review. Upon additional review, Lockett found that the grievance process was not the proper forum as it was based on a misconduct report. On final appeal, Watson held that Hennis failed to provide sufficient evidence of deliberate discrimination. The Complaint alleged that Lockett acted negligently with regard to Hennis' grievance and Tedrow's harassment, and that Watson violated Hennis' rights under the Due Process Clause of the Fourteenth Amendment by affirming the denial of the grievance.

Hennis also alleged that in November 2009, during a prison lockdown, he was denied his vegetarian meals, which are required by his religion. Hennis informed Defendants Lily and Maceyko that he had not eaten any meals aside from breakfast on the final day of the lockdown. Lily and Maceyko mocked him and ordered him to eat what he was given. The Complaint alleged that during this lockdown, another inmate was provided with his medically required meal. Hennis filed a grievance on November 20, 2009, which was never responded to. He alleged that Maceyko and Lily violated his rights under the Equal Protection Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment.

Next Hennis alleged that in March 2010, Maceyko inquired of his religious headgear. Hennis informed Maceyko that the headgear was "religious approved" for the previous four years and that he had worn it in the prison before. The Complaint alleged

3

that Hennis purchased the headgear from a Department Of Corrections ("DOC") approved vendor in 2006. Maceyko conferred with Defendant Watkins and the headgear was confiscated on the grounds that it was banned by the DOC. Hennis filed a grievance on March 10, 2010 that was denied; the administrative appeal was pending when he filed his complaint. The Complaint alleged that Maceyko and Watkins violated his rights under the Free Exercise Clause of the First Amendment along with various state law tort claims, and that Defendants Mazurkiewicz and Secretary of Corrections James Beard acted negligently in allowing the foregoing violations to occur.

On July 14, 2010, the Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court *sua sponte* converted the motion into a motion for summary judgment with regard to Defendants' argument that Hennis failed to exhaust administrative remedies. On March 31, 2011, the District Court granted summary judgment with regard to the Defendants' procedural default argument[1] and dismissed with prejudice all other claims and defendants except for the Eighth Amendment and Equal Protection claims against Tedrow, Lily, and Maceyko.[2] In May 2011, Hennis filed an amended complaint alleging violations under the Eighth Amendment and Equal Protection Clause of the Fourteenth Amendment against Defendants Tedrow, Lily, and Maceyko. The remaining defendants filed a motion to

---

[1] Hennis' claims with regard to the religious headgear were dismissed without prejudice because Hennis was still in the process of exhausting those claims.

[2] The claims against Tedrow, Lily, and Maceyko were dismissed without

dismiss pursuant to Rule 12(b)(6) on May 25, 2011, which the Court granted. Hennis timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Summary affirmance is proper when no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also U.S. v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000). Our review of orders dismissing claims under Rule 12(b)(6) and granting summary judgment is plenary, meaning we apply the same test the district court should have used initially. See Howley v. Mellon Fin. Corp., 625 F.3d 788, 792 (3d Cir. 2010; United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir.2007). To withstand scrutiny under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2); Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010). We may affirm the District Court on any

prejudice.

ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

**III.**

We first address the District Court's March 31, 2011 Order dismissing all claims against all Defendants, and granting Hennis leave to amend the Equal Protection and Eighth Amendment claims against Defendants Lily, Maceyko, and Tedrow.

The District Court granted summary judgment against Hennis concerning his retaliation claims against Tedrow and claims against Watkins for mishandling of the hair exemption based on Hennis' failure to exhaust administrative remedies. We agree with the District Court's analysis and note that it applies to all claims against Defendants Lockett, Mazurkiewicz, Watson, and Beard. The Prison Litigation Reform Act ("PLRA") requires that prisoners seeking relief in federal court first exhaust the administrative remedies available in prison. 42 U.S.C. § 1997(e)(a). Hennis exhausted his administrative remedies solely with regard to his claims against Tedrow concerning his hair exemption incident. Hennis' grievance did not allege any retaliation on the part of Tedrow. Nor did it allege any mishandling or wrongdoing on the part of Watkins. Hennis' grievances did not mention Lockett, Mazurkiewicz, Watson, and Beard at all. Hennis did not attempt to file a grievance against Mazurkiewicz, Watson, Lockett, and Beard after their alleged violations and the time to file a grievance has passed. Therefore, the court properly entered judgment on Hennis' retaliation claims against Tedrow, his

6

claims against Watkins for misconduct with regard to the hair exemption, and all claims against Lockett, Mazurkiewicz, Watson, and Beard.

**IV.**

Hennis claims that Tedrow violated his right to free exercise of religion under the First Amendment by telling him to cut his hair. To state a free exercise claim a plaintiff must allege state action compelled him to act contrary to his religious beliefs. Anspach ex rel. Anspach v. City of Philadelphia Dept. of Pub. Health, 503 F.3d 256, 272 (3d Cir. 2007). Hennis has not done so. Tedrow may have ordered Hennis to cut his dreadlocks, but Hennis was never compelled to do so and although he was issued a misconduct report, he was not disciplined as a result; rather he was eventually given an exemption. For similar reasons, to the extent Hennis sought relief under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*, his claim fails because he did not suffer a "substantial burden." See Washington v. Klem, 497 F.3d 272, 279-280 (3d Cir. 2007).

**V.**

In his Eighth Amendment claim against Lily and Maceyko, Hennis alleged that the defendants were deliberately indifferent to his health by not providing him with his religious meals, causing him to suffer from lack of nutrition. To prevail under the Eighth Amendment Hennis must prove that he suffered an objectively serious harm to which the defendants were deliberately indifferent. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Hennis alleged that he had trouble staying warm and suffered stomach pain and bouts of

dizziness as a result of not eating three meals a day. However, Lily and Maceyko were not made aware of Hennis' vegetarian requirements until the final day of the lockdown. Hennis does not allege that he was denied vegetarian meals after the lockdown ended. The Amended Complaint does not show that Lily and Maceyko knew of and disregarded a substantial risk to Hennis' health. Hennis' Eighth Amendment claims against Tedrow for the hair length exemption fails because Hennis did suffer any objectively serious harm.

We will also summarily affirm the District Court's dismissal of Hennis' Equal Protection claims against Tedrow for the order to cut his hair and against Defendants Lily and Maceyko for failure to provide vegetarian meals. To prevail on an equal protection claim, a plaintiff must present evidence that he has been treated differently from others with whom he is similarly situated and that the treatment was the result of intentional or purposeful discrimination. Rechenski v. Williams, 622 F.3d 315, 337 (3d Cir. 2010). With regard to Tedrow, Hennis' Complaint fails to show there was no rational basis for the order to cut his dreadlocks. On the contrary, the Complaint concedes that Hennis did not have a religious exemption when Tedrow gave the order. As to Lily and Maceyko, the Complaint failed to allege there were others similarly situated to him. Hennis points to an inmate who was provided with medically required meals, but this inmate is not similarly situated to Hennis, who was not denied medically required meals. Therefore his Equal Protection claims against Lily and Maceyko fail.

8

## VI.

For the foregoing reasons, we will summarily affirm the judgment of the District Court. [3] The motion for appointment of counsel is denied.

---

[3] Inasmuch as Hennis attempted to maintain claims against the Defendants in their official capacities, we agree that those claims are barred by sovereign immunity. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 253-54 (3d Cir. 2010).