**ALD-265**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2105
_____

ANDREW GUDZELAK, Sr.,
                                        Appellant
v.

JAN R. JURDEN; DONALD ROBERTS;
A. G. SHOWALTER; JEROME O. HERLIHY
_____

On Appeal from the United States District Court
of Delaware
(D.C. Civil No. 1-11-cv-0350)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6
August 23, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: September 6, 2012)

_____

OPINION
_____

1

PER CURIAM.

Andrew Gudzelak, proceeding *pro se*, appeals an order of the District Court granting the defendants' motion to dismiss. Because this appeal presents no substantial question, we will summarily affirm.

On April 20, 2011, Gudzelak filed a complaint pursuant to 42 U.S.C. § 1983 alleging various civil rights violations and supplemental State law torts by four defendants. Gudzelak was arrested in February of 2004. In September 2005 Gudzelak pled guilty to Fourth Degree Rape. He alleged that he was coerced into doing so by Defendant Roberts, the deputy Attorney General in charge of the case. Gudzelak alleged that his Fifth and Fourteenth Amendment rights were violated as a result of Roberts' prosecution due to Roberts familial relationship with Gudzelak's victim and because he was heavily medicated when he accepted the plea agreement. Defendant Jurden, Gudzelak's former legal counsel, was the judge who presided over the plea agreement. According to Gudzelak, Jurden knew that Gudzelak was heavily medicated during the plea process. In July 2006, Gudzelak filed a Motion for Post-conviction Relief, which Judge Jurden denied. In January 2009, Gudzelak filed a renewed Rule 61 motion, which was also denied on

2

April 21, 2009.  The denial was affirmed on appeal by the Supreme Court of Delaware on September 1, 2009.

Meanwhile, in July 2004, Gudzelak was arrested for Reckless Endangering, arising out of an incident involving his son, Brian.  During the trial, Brian told Defendant Showalter, a deputy Attorney General, that he did not want to prosecute his father, but Showalter continued the prosecution and forced Brian to testify against Gudzelak.  Plaintiff alleged that the prosecution was in violation of his civil rights and that the stress from the prosecution led to his son's suicide and his wife's death from cardiac arrest.

On August 31, 2011, the Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the Court granted. Gudzelak timely appealed.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Summary affirmance is proper when no substantial question is presented on appeal.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000).  Our review of orders dismissing claims under Rule 12(b)(6) is plenary, meaning we apply the same test the district court should have used initially.  See United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506,

3

514 (3d Cir.2007).  To withstand scrutiny under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### III.

Claims brought under § 1983 are subject to state statutes of limitations governing personal injury actions.  Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).  In Delaware, § 1983 claims are subject to a two-year period of limitations from the date upon which it is claimed that such alleged injuries were sustained.  See 10 Del. C. § 8119.  Gudzelak's Complaint was filed on April 20, 2011.  All but one of Gudzelak's claims accrued prior to April 20, 2009.[1]  In his opposition to the defendants' motion to dismiss, Gudzelak argues that he is entitled to equitable tolling of the statute of limitations because he had to exhaust all State remedies before filing the Complaint.  Gudzelak is not entitled to equitable tolling because there is no requirement to exhaust state remedies for a plaintiff seeking damages in federal court under 42 U.S.C. § 1983.  See  Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).  Accordingly, we agree with the District Court's finding that

---

[1]  The only allegations not time-barred are related to the April 21, 2009 denial of Gudzelak's renewed Rule 61 motion and the Delaware Supreme Court's September 2009 ruling, and do not allege a constitutional violation.

4

all claims against the Defendants are barred by the two-year statute of limitations because they accrued prior to April 20, 2009.[2] See 10 Del. C. § 8119; cf. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

## IV.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.[3]

---

[2] Even if Gudzelak's claims were not time-barred, as the District Court explained, Defendants Herlihy and Jurden are protected by absolute immunity, while Defendants Roberts and Showalter enjoy prosecutorial immunity. We note, moreover, that Gudzelak does not appear to have made any allegations against Herlihy.

[3] The District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Gudzelak's state law claims.