DLD-277                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2988
_____

JEAN COULTER,
                                    Appellant

v.

ALLEGHENY COUNTY BAR ASSOCIATION; JAMES E. MAHOOD;
WILDER & MAHOOD; MELAINE S. ROTHEY; CHARLES J. AVALLI;
LOUIS C. LONG; PENNSYLVANIA BAR ASSOCIATION;
THOMAS DOERR; ROBERT COLVILLE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 12-00641)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
September 7, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  September 13, 2012)
_____

OPINION
_____

PER CURIAM

        Jean Coulter appeals from two orders of the United States District Court for the

Western District of Pennsylvania, including the order dismissing her complaint.  We will

affirm.

Because the report and recommendation by the Magistrate Judge contains a summary of the proceedings, our description will be brief. In May 2012, Coulter began a civil rights action in District Court against an attorney, his law firm, the Allegheny County Bar Association (ACBA), three individual members of the ACBA Special Fee Determination Committee, and the Pennsylvania Bar Association. In her complaint, pleaded pursuant to 42 U.S.C. § 1983, Coulter described a fee dispute between the attorney and her and complained about the manner in which that dispute was handled by the ACBA and its Special Fee Determination Committee. Two days after the filing of the complaint, the Magistrate Judge issued a report in which he recommended that the complaint be dismissed *sua sponte*. The Magistrate Judge concluded that Coulter did not plead sufficient facts to suggest that the defendants had acted "under color of state law" as necessary to sustain a claim under 42 U.S.C. § 1983. The Magistrate Judge then found that, to the extent Coulter characterized the ACBA Special Fee Determination Committee as a court and its decision as having been affirmed by the Court of Common Pleas, the District Court lacked jurisdiction under the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

One week later, Coulter filed objections to the report and recommendation as well as a motion for recusal, to change venue, and for special relief. She also filed an amended complaint adding two state court judges as defendants. The Magistrate Judge

then issued a supplemental report in which he recommended that the amended complaint be dismissed for lack of subject matter jurisdiction on the ground that it still challenged a decision of a state court and thus was barred by the Rooker-Feldman doctrine. The Magistrate Judge also noted that Coulter herself recognized that the two judicial defendants may be immune from suit. Coulter filed objections to the supplemental report and recommendation and renewed her motion for recusal, to change venue and for special relief, which the Magistrate Judge denied. By order entered June 14, 2012, the District Court adopted the supplemental report and recommendation of the Magistrate Judge and dismissed the amended complaint. The District Court later dismissed Coulter's appeal of the Magistrate Judge's decision denying her motion for recusal, to change venue, and for special relief.

Coulter appeals. Our Clerk advised her that her appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6, and Coulter has submitted argument in support of her appeal.

We have jurisdiction over final orders of the District Court under 28 U.S.C. § 1291. "Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary." Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006). In reviewing the District Court's judgment we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v.

3

Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  We summarily affirm an order of the District Court "when 'no substantial question' is presented by the appeal." United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000) (per curiam) (citation omitted).

A claim for a violation of civil rights under 42 U.S.C. § 1983 can be sustained only if a defendant has deprived a plaintiff of a federal constitutional or statutory right while acting under color of state law.  See Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  As the report and recommendation explained, none of the defendants named in the original complaint is a state actor.  In her submissions on appeal, Coulter claims that the defendants acted under color of state law by conspiring with the state court judges.  To allege such a conspiracy, the complaint must specifically present facts tending to show agreement and concerted action to deprive the plaintiff of his or her rights.  The bare allegation of an agreement is insufficient.  Cf. Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998) (finding § 1983 claim in complaint contained sufficient allegations of concerted action to withstand motion to dismiss); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

We conclude that there is no set of facts from which we can infer any understanding between the state court judges and the other defendants to deprive Coulter of her constitutional rights.  Coulter refers to "improper connections" and a "conspiratorial relationship" among the "co-conspirators"; however, she pleads only

4

vague inferences and allegations. Bare assertions of joint action or a conspiracy are not sufficient to survive dismissal at the pleading stage. See Twombly, 550 U.S. at 556. In sum, as nothing in the complaint demonstrates the existence of any concerted effort between the state court judges and the other defendants, we agree with the Magistrate Judge's determination that Coulter failed to demonstrate that the non-judicial defendants acted under color of state law. Of course, the two judges, if sued directly for their own actions, are absolutely immune from civil suits for money damages arising from their judicial acts. See Mireles v. Waco, 502 U.S. 9, 9 (1991); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). It was thus appropriate for the District Court to dismiss Coulter's complaint.[1]

Coulter also appeals the District Court's order affirming the denial of her motion for recusal, to change venue, and for special relief. Coulter complains that the Magistrate Judge and District Judge exhibited bias, which required their recusal, and that the procedures of the District Court sanction bias against pro se civil rights plaintiffs such that the action should have been transferred to another venue. "We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted). We find no evidence of bias in the findings or actions of either federal judge that might warrant recusal here; thus, we find no abuse of discretion in the

---

[1]We need not address the District Court's ruling with respect to the Rooker-Feldman doctrine because we are affirming on other grounds.

denial of the motion.

For these reasons, we will affirm the District Court's orders.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.