**ALD-011**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2995
_____

JAMES R. MALLES,
                                        Appellant

v.

GOVERNOR OF PENNSYLVANIA; ATTORNEY GENERAL OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:12-cv-00054)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2012
Before:  SLOVITER, VANASKIE and WEIS, Circuit Judges
(Opinion filed  October 31, 2012)
_____

OPINION
_____

PER CURIAM.

        James R. Malles, a pro se litigant proceeding in forma pauperis, appeals the

District Court's order dismissing his complaint as barred by the doctrine of res judicata.

We agree with the District Court's conclusions regarding the application of res judicata in this matter. Because the appeal presents no substantial issue, we will summarily affirm the District Court's order.

## I.

Malles is a prisoner currently incarcerated at the State Correctional Institution in Albion, Pennsylvania ("SCI-Albion"). In February 2010, he was transferred to the Muskegon Correctional Facility ("Muskegon") in Michigan pursuant to the Interstate Corrections Compact ("ICC"). Malles was confined at Muskegon until May 2011, when he was returned to SCI-Albion. Prior to his transfer back to SCI-Albion, Malles and two other prisoners commenced an action in the United States District Court for the Western District of Pennsylvania seeking their release and monetary damages for the time they were detained at Muskegon. See Maines, et al., v. Rendell, et al., 1:11-cv-00070-SPB. The complaint alleged that, by enacting and enforcing the ICC, the Governor and Attorney General of Pennsylvania, among other defendants, violated the constitutions of the United States and the Commonwealth of Pennsylvania. The District Court upheld the validity of the ICC as applied to the plaintiffs, and dismissed the complaint as to all defendants. It appears that none of the plaintiffs filed a notice of appeal.

In February 2012, Malles filed a new complaint in the same District Court, naming the Governor and Attorney General of Pennsylvania as defendants and alleging that his transfer to and from Muskegon pursuant to the ICC violated the U.S. Constitution. The

2

new complaint added claims under the Fifth, Sixth, and Ninth Amendments that were not alleged in the <u>Maines</u> complaint, but the underlying facts and claim for relief remained the same. The District Court dismissed Malles's complaint on the ground that he was precluded from relitigating claims identical to those in <u>Maines</u> against the same defendants. Malles filed a timely notice of appeal.

## II.

We have jurisdiction over final orders of the District Court under 28 U.S.C. § 1291. This Court has plenary review over the District Court's application of res judicata. <u>Elkadrawy v. Vanguard Grp., Inc.</u>, 584 F.3d 169, 172 (3d Cir. 2009). We summarily affirm an order of the District Court "when no substantial question is presented by the appeal." <u>United States v. Baptiste</u>, 223 F.3d 188, 190 n.3 (3d Cir. 2000) (per curiam).

We agree with the District Court that Malles is precluded from relitigating the present claims. The doctrine of res judicata, or claim preclusion, bars a plaintiff who has received a final judgment on the merits in one action from litigating another suit against the same parties based on the same cause of action. <u>See</u> <u>CoreStates Bank, N.A. v. Huls Am., Inc.</u>, 176 F.3d 187, 194 (3d Cir. 1999). A litigant is precluded from raising a claim where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." <u>United States v. Athlone Indus. Inc.</u>, 746 F.2d 977, 983 (3d Cir. 1984). Whether two causes of action are identical depends, in general, on a consideration of (1) whether

3

the acts complained of and the demand for recovery are the same; (2) whether the same witnesses and documents will be necessary in the trial in both cases; and (3) whether the material facts alleged are the same. See id. at 984.

Here, the application of res judicata precludes Malles from relitigating his claims against the Governor and Attorney General of Pennsylvania. First, Malles received a final judgment on the merits in a prior suit when the complaint in Maines was dismissed under Fed. R. Civ. P. 12(b)(6). See, e.g., Federated Dep't Stores, Inc., v. Moitie, 452 U.S. 394, 399 n.3 (1981) (stating that "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits" and has claim preclusive effect). Second, Malles and the Appellees were parties to the suit in Maines. Finally, Maines involved the same cause of action as is presented here: that the Appellees deprived Malles of his constitutional rights when they transferred him to and from Muskegon pursuant to the ICC. Malles's addition of claims arising under the Fifth, Sixth, and Ninth Amendments to the U.S. Constitution does not alter the fact that the present suit involves the same parties, the same operative facts, and the same demand for recovery as the suit in Maines.[1]

Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.

---

[1] To the extent that Malles requests his release from prison, we note that such requests are cognizable only in a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).