**GLD-071**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3570
_____

UNITED STATES OF AMERICA,

v.

HITHAM ABUHOURAN,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:95-cr-00560-001)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 6, 2012

Before:  FUENTES, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 3, 2013 )
_____

OPINION
_____

PER CURIAM

Hitham Abuhouran appeals pro se from the District Court's order dismissing his petition for a writ of error coram nobis. Because the appeal presents no substantial question, we will summarily affirm the District Court's order.

I.

In 1996, Abuhouran entered a guilty plea to charges of bank fraud, laundering of monetary instruments, conspiracy, and perjury, among others. The United States District Court for the Eastern District of Pennsylvania sentenced him to a term of incarceration of 188 months followed by five years of supervised release. Abuhouran unsuccessfully filed a direct appeal as well as a number of motions to vacate, modify, or correct his sentence pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2). After completing his term of incarceration, he remained in prison to serve a consecutive 24-month sentence imposed in a separate case.

In January 2012, while still incarcerated, Abuhouran filed a petition for a writ of error coram nobis under 28 U.S.C. § 1651(a). In his petition, Abuhouran claimed he should not be required to serve his five-year term of supervised release because he can meet the standard for a claim of ineffective assistance of counsel, as articulated by the Supreme Court in Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010), and retroactively applied by this Court in United States v. Orocio, 645 F.3d 630, 641 (3d Cir. 2011).[1] The

_____

[1] On April 30, 2012, the United States Supreme Court granted certiorari on the issue of whether Padilla applies retroactively on collateral review. See Chaidez v. United States, 655 F.3d 684 (7th Cir. 2011), cert. granted, 132 S. Ct. 2101 (2012).

District Court denied his petition on the ground that a petition for a writ of error coram nobis is not available to a petitioner who is still in custody. Abuhouran timely appealed.

## II.

Our review of legal issues on appeal from a decision denying coram nobis relief is de novo, and we review factual findings for clear error. Orocio, 645 F.3d at 635. We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011). Upon review, we will affirm the District Court's decision because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

The power to grant a writ of error coram nobis in criminal matters comes from the All Writs Act, 28 U.S.C. § 1651(a). See United States v. Stoneman, 870 F.2d 102, 105 (3d Cir. 1989) (citing United States v. Morgan, 346 U.S. 502 (1954)). Traditionally, a writ of error coram nobis is used in attacking convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of section 2255, see United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000), which includes supervised release, see United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993), superseded on other grounds by rule, L.A.R. 31.3, as recognized in United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012). When an alternative remedy such as habeas corpus is available, a writ of error coram nobis may not issue. United States v. Denedo, 556 U.S. 904, 911 (2009). Here, as the District Court correctly noted, a writ of error coram nobis is not available to Abuhouran because he is still in custody for the purposes of section 2255. See Baptiste,

3

223 F.3d at 189. Although he is no longer incarcerated, Abuhouran is currently serving a five-year term of supervised release. See Essig, 10 F.3d at 970 n.3. Therefore, Abuhouran may seek authorization to file a second or successive section 2255 motion pursuant to 28 U.S.C. § 2244(b), rather than petition for a common law writ of error coram nobis. See Denedo, 556 U.S. at 911.

Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.