GLD-142                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4124
_____

UNITED STATES OF AMERICA

v.

CLIFFORD E. FAKE,
                                   Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-cr-00426-002)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: March 8, 2013)
_____

OPINION
_____

PER CURIAM

        Clifford Fake appeals the denial of his application for a writ of error *coram nobis*

by the United States District Court for the Middle District of Pennsylvania.  He also

requests, in the alternative, that we consider his papers as an application to file a second

or successive 28 U.S.C. § 2255 motion. We will summarily affirm the judgment of the District Court and deny the request for leave to file a second or successive 28 U.S.C. § 2255 motion.

## I.

In April 2006, Fake pled guilty to charges of health care fraud resulting in serious bodily injury and criminal forfeiture. He was sentenced to 218 months of imprisonment and ordered to pay restitution. We affirmed his conviction. See United States v. Fake, 269 F. App'x 208 (3d Cir. 2008). He then filed a motion to vacate under 28 U.S.C. § 2255, which was denied. We declined to issue a certificate of appealability. See United States v. Fake, No. 09-2738 (order entered Sept. 22, 2009). Since then, Fake has filed several applications for writ of error *coram nobis*. The District Court has denied each one. We now consider Fake's timely appeal of the District Court's September 28 order. See Fed. R. App. P. 4(a)(1)(B). We have appellate jurisdiction under 28 U.S.C. § 1291.

## II.

The District Court noted that Fake's claims were more in line with § 2255 relief. We agree. The writ of error *coram nobis*, see 28 U.S.C. § 1651(a), is appropriate when a petitioner is no longer in custody but suffers continuing consequences from an unlawful conviction. United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000). Fake is still in custody and must, therefore, look to § 2255 as the presumptive means of any relief. See id. Nor, of course, may Fake resort to the writ of error *coram nobis* simply because the

2

stringent gatekeeping standards for filing a second or successive § 2255 motion are difficult to satisfy.  See id. at 189-90.

In his papers, Fake asks that we consider his appeal as a request to file a second or successive § 2255.  We have the discretion to entertain this request.  See Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999).  In his *coram nobis* application, Fake claimed that there was an unresolved question about his liability under contract law, specifically whether he ever received or applied for the reimbursement of care costs through a government program.  Because the arguments he raised are not based on newly discovered evidence or a new applicable rule of constitutional law, we deny his request. See 28 U.S.C. § 2255(h)(1), (2).

### III.

For the reasons given, this appeal presents us with no substantial question.  See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.  Accordingly, we will summarily affirm the judgment of the District Court.  Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam).